STATE OF NORTH CAROLINA v. JOHNNY ROBERT COLBERT

No. 67A84

(Filed 5 June 1984)

**1. Constitutional Law § 43; Jury § 6— jury selection—right to counsel**

Defendant's right to counsel extends to the entire trial. This is especially true at critical stages of the proceeding, and selection of the jury is a critical stage of the trial.

**2. Constitutional Law § 43; Jury § 6— right to counsel during entire jury voir dire**

It is essential that counsel be present during the entire jury voir dire so that he may intelligently exercise defendant's right to peremptory challenges.

**3. Constitutional Law § 43; Jury § 6— right to counsel—absence of counsel during State's questioning of jurors**

Defendant's right to counsel was violated during the jury selection process when his counsel was not present during the State's questioning of the jurors, and such constitutional error was prejudicial to defendant. Sixth Amendment to the U.S. Const.; Art. I, § 23 of the N.C. Constitution; G.S. 15A-1443(b).

APPEAL by defendant, pursuant to N.C.G.S. 7A-30(2), from a decision of the Court of Appeals (*Judges Whichard* and *Hedrick* concurring, *Judge Becton* dissenting) reported in 65 N.C. App. 762, 310 S.E. 2d 145 (1984), which found no error in the judgment entered by *Rousseau, J.*, at the 15 February 1982 Session of Superior Court, WILKES County. Heard in the Supreme Court 8 May 1984.

*Rufus L. Edmisten, Attorney General, by Ann Reed, Special Deputy Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Malcolm Ray Hunter, Jr., Assistant Appellate Defender, for defendant.*

MARTIN, Justice.

This appeal is before us upon the single issue of whether defendant's right to counsel was violated during the jury selection process. We find that it was and that defendant is entitled to a new trial. We accordingly reverse the Court of Appeals.

Defendant was tried and convicted on a proper bill of indictment charging him with felonious possession of marijuana. A voir

dire hearing on defendant's motion to suppress was conducted on the day before the jury trial commenced. The transcript discloses that Mr. Bill Allen of Yadkinville was present, representing defendant at this hearing. It does not disclose at what time court recessed for the day or when the hearing was completed. Although the record is not crystal clear, the following evidently occurred the morning after the voir dire hearing:

MR. CAMERON: Your Honor, on page 20 of the calendar, we are calling for trial, 81CRS8291, Johnny Colbert.

COURT: Have you seen Mr. Allen this morning?

MR. CAMERON: No, sir.

COURT: Mr. Colbert?

MR. COLBERT: No, sir.

COURT: Mr. Cameron, you say you called his office and told him to be here?

MR. CAMERON: Yes.

COURT: Let the record show Mr. Allen was in Court at 5:00 o'clock yesterday and he was advised this would be the next case for trial.

We will proceed with the selection of the jury in his absence.

[AFTER TWELVE JURORS WERE CALLED]

COURT: The next case we are calling is Johnny Robert Colbert—State of North Carolina versus Johnny Robert Colbert, wherein, Mr. Colbert is charged with possession of marijuana on the 3rd day of November, 1981. Mr. Cameron will be prosecuting on behalf of the State. Bill Allen represents Mr. Colbert. I understand he is in Yadkin County and I understand he is on his way. I will let Mr. Cameron start selecting you and when Mr. Allen gets here, he will start selecting you.

[MR. ALLEN COMES INTO COURT SHORTLY THEREAFTER]

COURT: Mr. Allen, we started about fifteen or twenty minutes ago selecting a jury. I assume you had a little difficulty getting here from Elkin?

MR. ALLEN: Yes, Your Honor.

COURT: Are you ready to proceed?

MR. ALLEN: Yes.

COURT: The State has passed the jury in the box.

[WHEREUPON MR. ALLEN SELECTS A JURY]

[JURY DULY EMPANELLED AT 10:20 A.M., WEDNESDAY MORNING, FEBRUARY 17th, 1982]

We note that defendant did not object to the foregoing procedure; however, he does bring the alleged error forward by assignment of error and argument in briefs before the Court of Appeals and this Court.

[1]  The right to counsel is one of the most closely guarded of all trial rights. *State v. Thacker*, 301 N.C. 348, 271 S.E. 2d 252 (1980). "Waiver of counsel may not be presumed from a silent record." *State v. Morris*, 275 N.C. 50, 59, 165 S.E. 2d 245, 251 (1969). *Accord Carnley v. Cochran*, 369 U.S. 506, 8 L.Ed. 2d 70 (1962). Defendant's right to counsel extends to the entire trial. *Powell v. Alabama*, 287 U.S. 45, 77 L.Ed. 158 (1932). This is especially true at critical stages of the proceeding. This Court has held that selection of the jury is a critical stage of the trial. *State v. Hayes*, 291 N.C. 293, 230 S.E. 2d 146 (1976).

[2]  It is essential that counsel be present during the entire jury voir dire so that he may intelligently exercise defendant's right to peremptory challenges. The peremptory challenge is one of defendant's most valuable rights. *Pointer v. United States*, 151 U.S. 396, 38 L.Ed. 208 (1894). As said by Blackstone, the prisoner is allowed an arbitrary and capricious species of challenge, without showing any cause at all. It is necessary in order to prevent unaccountable prejudices from the bare looks and gestures of another. 4 W. Blackstone, *Commentaries* *353.

In *State v. Perry*, 277 N.C. 174, 177, 176 S.E. 2d 729, 731 (1970), Justice Higgins, speaking for the Court, stated: "Each defendant is entitled to full opportunity to face the prospective

jurors, make diligent inquiry into their fitness to serve, and to exercise his right to challenge those who are objectionable to him." Of necessity, and by constitutional guaranty, this includes the assistance of counsel for this purpose. Ordinarily, without the aid of counsel, the right to jury voir dire becomes an empty and meaningless phrase.

[3]    Here, defendant's counsel did not observe any of the state's questioning of the jurors. Of course, defendant's counsel could, and perhaps did, excuse one or more of the jurors passed by the state. But in so doing he was acting at least partially in the dark as he knew nothing of what had transpired in his absence. This does not comport with the right to counsel guaranteed by the state and federal constitutions. U.S. Const. amend. VI; N.C. Const. art. I, § 23.

N.C.G.S. 15A-1443(b) provides that constitutional error is prejudicial unless it is found by the appellate court to be harmless beyond a reasonable doubt. No satisfactory showing has been made to this Court that this constitutional violation was harmless beyond a reasonable doubt. The indications are to the contrary. Furthermore, in federal constitutional issues, which defendant asserts here, the standards of the United States Supreme Court apply in determining harmless error. *Chapman v. California*, 386 U.S. 18, 17 L.Ed. 2d 705 (1967). That Court has held that some constitutional rights are so basic to a fair trial that their infraction can never be treated as harmless error. *Id.* Among these is the right to counsel. *Gideon v. Wainwright*, 372 U.S. 335, 9 L.Ed. 2d 799 (1963). *Cf. Strickland v. Washington*, 44 CCH S.Ct. Bull. B2515 (14 May 1984) (ineffective assistance of counsel).

While commending the efforts of the earnest trial judge to utilize valuable court time, and noting the apparently unexplained tardiness of counsel we are compelled to grant defendant a new trial.

The decision of the Court of Appeals is reversed, and the cause is remanded to that court for further remand to the Superior court, Wilkes County, for a new trial.

Reversed and remanded.