STATE OF NORTH CAROLINA v. KENDRICK DONTA COLSON

No. COA07-107

(Filed 2 October 2007)

**1. Constitutional Law— right to counsel and right to testify— entitlement to both**

Forcing defendant to choose between testifying or relinquishing his right to be represented by counsel constituted constitutional error in an armed robbery prosecution where the counsel was of the opinion that defendant's testimony would be false and the judge told defendant that he could proceed pro se if he insisted on testifying. Defendant is entitled both to testify in his own behalf and to his right to counsel.

**2. Sentencing— prior record level—prior probationary status—determination by jury required**

In a case remanded on other grounds, the trial court must submit defendant's prior probationary status to the jury for proof beyond a reasonable doubt, unless it is admitted by defendant, in order to use that status to enhance defendant's prior record level for the purpose of sentencing.

Appeal by defendant from judgment entered 1 October 2003 by Judge Michael E. Beale in Anson County Superior Court. Heard in the Court of Appeals 12 September 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Daniel P. O'Brien, for the State.*

*Haral E. Carlin, for defendant-appellant.*

TYSON, Judge.

This Court granted Kendrick Donta Colson's ("defendant") petition for writ of *certiorari* to review judgment entered after a jury found him to be guilty of robbery with a dangerous weapon pursuant to N.C. Gen. Stat. § 14-87. We hold that defendant is entitled to a new trial.

## I. Background

The State's evidence tended to show that on 19 January 2003, defendant and an accomplice allegedly entered into a convenience store, pointed handguns at the owner and the owner's father, and threatened to shoot both of them if the owner did not hand over his money. Three days later, on 22 January 2003, defendant was interviewed by Wadesboro Police Detectives about the 19 January 2003 robbery. Defendant waived his *Miranda* rights and confessed to committing the robbery while being interviewed. The alleged offense occurred approximately one month prior to defendant's seventeenth birthday.

On 25 February 2003, defendant was declared indigent and Robert Leas, Esq. ("Leas") was appointed to represent him. On 7 April 2003, defendant was indicted for robbery with a dangerous weapon. On 29 September 2003, the day before trial was to begin, Leas moved to withdraw as counsel and informed the court that he could "no longer competently and professionally represent [defendant]."

Leas told the court that defendant wished to testify in his own defense and that in Leas's opinion defendant's testimony would be false. The trial judge stated that a "mere disagreement between the defendant and court appointed counsel" was not sufficient to grant Leas's motion to withdraw. The trial judge explained to defendant that Leas could not knowingly present evidence to the court that Leas believed to be false and that another lawyer could not be appointed to do the same thing Leas was prohibited from doing. The judge told defendant that if he insisted on testifying in his own behalf, defendant could discharge Leas as counsel and proceed *pro se*.

Defendant responded to the trial court that he wanted to testify on his own behalf and wanted Leas or other counsel to represent him. The record shows further questions and conversations ensued until defendant indicated he would testify and would like to proceed without a lawyer. The trial court allowed Leas to withdraw as counsel and

STATE v. COLSON

[186 N.C. App. 281 (2007)]

placed him on standby to assist defendant if he had any legal questions during trial.

At trial, the convenience store owner positively identified defendant as one of the robbers during the State's case-in-chief. Defendant testified in his own behalf that he was at home on the night of the robbery and was tricked by the police into signing a waiver of his rights and giving a confession.

On 1 October 2003, a jury found defendant to be guilty of one count of robbery with a firearm. The trial court also found defendant to be a Prior Record Level II offender with one prior record point at the time the crime was committed. Defendant was sentenced to a minimum of seventy-two months and a maximum of ninety-six months imprisonment. On 17 August 2006, this Court allowed defendant's petition for writ of *certiorari*.

## II. Issues

Defendant argues the trial court erred by: (1) requiring him to choose between testifying and proceeding to a jury trial without assistance of counsel and (2) enhancing his prior record level for being on unsupervised probation at the time of the offense without requiring the State to prove that fact beyond a reasonable doubt and submitting the issue for the jury to decide.

## III. Appearance as a *Pro Se* Defendant

[1] Defendant argues the trial court erred in requiring him to choose between testifying or proceeding to a jury trial without the assistance of counsel, in the absence of a clear indication that he wished to and understood the consequences of proceeding *pro se*. We agree.

### A. Right to Counsel—Right to Testify

"The Sixth Amendment to the United States Constitution and Article I, Section 23 of the North Carolina Constitution secure a defendant's right to the assistance of counsel." *State v. Frye*, 341 N.C. 470, 493, 461 S.E.2d 664, 675 (1995) (citing *State v. Colbert*, 311 N.C. 283, 286, 316 S.E.2d 79, 80-81 (1984)), *cert. denied*, 517 U.S. 1123, 134 L. Ed. 2d 526 (1996). Although not specifically enumerated in the United States Constitution, the United States Supreme Court has consistently held that a defendant's absolute right to testify is an inherent part of both the due process requirements of the Fifth and Fourteenth Amendments and the compulsory process clause of the Sixth Amendment. *See, e.g., Faretta v. California*, 422 U.S. 806, 819, n.15,

45 L. Ed. 2d 562, 572 (1975) ("Constitutional stature of rights . . . not literally expressed in the document, are essential to due process, [includes a defendant's right] to testify on his own behalf."); *Brooks v. Tennessee*, 406 U.S. 605, 612, 32 L. Ed. 2d 358, 364 (1972) ("Whether to testify is [not only] an important tactical decision [for a defendant, but also] a matter of constitutional right."); *Harris v. New York*, 401 U.S. 222, 225, 28 L. Ed. 2d 1, 4 (1971) ("Every criminal defendant is privileged to testify in his own defense, or to refuse to do so.").

The record reveals the trial court forced defendant to choose between testifying in his own behalf or being represented by counsel at trial. By choosing to exercise his constitutional right to testify in his own defense, defendant was forced to relinquish his constitutional right to the assistance of counsel. *Frye*, 341 N.C. at 493, 461 S.E.2d at 675.

This Court and our Supreme Court addressed a similar situation in *State v. Luker*, 65 N.C. App. 644, 653, 310 S.E.2d 63, 68 (1983), *rev'd*, 311 N.C. 301, 316 S.E.2d 309 (1984). In *Luker*, this Court held the trial court committed constitutional error by requiring the defendant to choose between testifying or having assistance of counsel at trial. 65 N.C. App. at 652-53, 310 S.E.2d at 67-68.

The relationship between the client and his attorney is that of principal and agent, with the attorney "serv[ing] as counselor and advocate to his client." *Id.* at 648, 310 S.E.2d at 65.

> Like the decision regarding how to plead, *the decision whether to testify is a substantial right belonging to the defendant.* While strategic decisions regarding witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, and what trial motions to make are ultimately the province of the lawyer, certain other decisions represent more than mere trial tactics and are for the defendant. These decisions include what plea to enter, whether to waive a jury trial and *whether to testify in one's own defense.*

*Id.* at 649, 310 S.E.2d at 66 (emphasis supplied) (citing *Wainwright v. Sykes*, 433 U.S. 72, 91, 53 L. Ed. 2d 594, 611 (1977) (Burger, C.J., concurring); ABA Standards For Criminal Justice, the Defense Function, § 4-5.2 (1982 Supp.)).

Forcing defendant to elect between having counsel at trial and testifying in his own behalf was improper. "While counsel could have

advised defendant not to testify, the ultimate decision should have been the defendant's. Defendant's dilemma has been characterized by other courts as a 'Hobson's choice,' *i.e.*, a dilemma involving the relinquishment of one constitutional right in order to assert another." *Id.* at 652, 310 S.E.2d at 67 (citing *Simmons v. United States*, 390 U.S. 377, 19 L. Ed. 2d 1247 (1968)). "[B]y choosing to testify, defendant was forced to give up his constitutional right to counsel." *Id.* Forcing defendant to choose between testifying or relinquishing his right to be represented by counsel constitutes constitutional error. This Court in *Luker*, then held the error was harmless under harmless error review. 65 N.C. App. at 652-53, 310 S.E.2d at 67-68.

### B. Harmless Error Review

"[C]onstitutional error is prejudicial unless it is found by the appellate court to be harmless beyond a reasonable doubt." *Colbert*, 311 N.C. at 286, 316 S.E.2d at 81; N.C. Gen. Stat. § 15A-1443(b) (2005). Our Supreme Court has held that some constitutional rights, like the right to counsel, "are so basic to a fair trial that their infraction can never be treated as harmless error." *Colbert*, 311 N.C. at 286, 316 S.E.2d at 81 (citing *Chapman v. California*, 386 U.S. 18, 17 L. Ed. 2d 705 (1967)).

When our Supreme Court reviewed this Court's holding in *Luker*, it held "the Court of Appeals erred in concluding that such denial did not result in reversible error." 311 N.C. at 301, 316 S.E.2d at 309. The trial court erred by forcing defendant to choose between testifying or having the assistance of counsel at trial. We cannot find this error to be harmless beyond a reasonable doubt and are compelled to grant defendant a new trial. *Id.* at 301, 316 S.E.2d at 309.

Recognizing this issue may arise on remand, we turn to the issue of counsel's role on remand. Rule 3.3(a)(3) of the North Carolina State Bar Rules of Professional Conduct (2007) states:

(a)  A lawyer shall not knowingly:

. . . .

(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, *other than the testi-*

*mony of a defendant in a criminal matter,* that the lawyer reasonably believes is false.

(Emphasis supplied). Rule 3.3, Comment 9, of the North Carolina State Bar Rules of Professional Conduct (2007) offers further guidance:

> Because of the special protections historically provided criminal defendants, however, this Rule does not permit a lawyer to refuse to offer the testimony of such a client where the lawyer reasonably believes but does not know that the testimony will be false. Unless the lawyer knows the testimony will be false, the lawyer must honor the client's decision to testify.

Defendant is entitled both to testify in his own behalf and to his right to counsel. "[I]t is the province of the jury . . . to assess and determine witness credibility." *State v. Hyatt,* 355 N.C. 642, 666, 566 S.E.2d 61, 77 (2002), *cert. denied,* 537 U.S. 1133, 154 L. Ed. 2d 823 (2003). Defendant was denied his constitutional right to counsel and is entitled to a new trial.

## IV.  Enhancement of Prior Record Level

[2] Defendant next argues the trial court erred by enhancing his prior record level by adding one point for being on unsupervised probation at the time of the offense without first requiring the State to prove the issue beyond a reasonable doubt and submitting it for the jury to decide. Since this issue may arise again at defendant's trial on remand, we address it.

### A.  Standard of Review

"A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." *State v. Myers,* 61 N.C. App. 554, 557, 301 S.E.2d 401, 403 (1983), *cert. denied,* 311 N.C. 767, 321 S.E.2d 153 (1984).

The failure to submit a sentencing factor to the jury is subject to harmless error review. *State v. Blackwell,* 361 N.C. 41, 49-50, 638 S.E.2d 452, 458 (2006) (*citing Washington v. Recuenco,* —— U.S. ——, 165 L. Ed. 2d 466 (2006)), *cert. denied,* 548 U.S. 212, 167 L. Ed. 2d 1114 (2007). "In conducting harmless error review, we must determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder

STATE v. COLSON

[186 N.C. App. 281 (2007)]

would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* at 50, 638 S.E.2d at 458.

### B. Analysis

At trial, the State presented the prior record level worksheet to the judge and stated that defendant was a prior conviction Level II. The court assigned defendant an additional point "because the offense was committed while he was on unsupervised probation." Defendant did not object to this finding and the official court record indicates he was on unsupervised probation for a 2002 conviction.

Defendant claims the United States Supreme Court's holding in *Blakely v. Washington* entitles him to a new sentencing hearing to allow a jury, rather than a judge, to determine whether he was on probation at the time he allegedly committed the armed robbery. 542 U.S. 296, 159 L. Ed. 2d 403 (2004). In *Blakely*, the United States Supreme Court held that the statutory maximum sentence a court may impose is determined "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303, 159 L. Ed. 2d at 413. The trial court erred in not submitting this issue to the jury.

In light of our decision to grant defendant a new trial and the clear requirements of *Blakely*, it is unnecessary to conduct a harmless error review of this issue. If the State elects to prove defendant's prior probationary status, unless it is admitted by defendant, this issue must be proven beyond a reasonable doubt and submitted to the jury. *Id.*

### V. Conclusion

Defendant was denied his constitutional right to counsel when he was forced to choose between testifying in his own defense or having the assistance of counsel at trial. We cannot conclude such constitutional error was harmless beyond a reasonable doubt. The judgment is reversed and this case is remanded for a new trial.

In light of our holding it is unnecessary to conduct a harmless error review on defendant's assignment of error regarding the trial court's enhancement of his prior record level and sentence without the issue first being submitted to the jury.

New Trial.

Judges McGEE and ELMORE concur.