IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-1323

 Filed: 5 June 2018

Wake County, No. 15 CRS 210656

STATE OF NORTH CAROLINA

 v.

RODNEY VENEY

 Appeal by defendant from judgment entered 21 March 2017 by Judge Donald

W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 17 May

2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Matthew L.
 Liles, for the State.

 Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.

 TYSON, Judge.

 Rodney Veney (“Defendant”) appeals from judgments entered upon his

convictions for three counts of assault with a deadly weapon inflicting serious injury.

Defendant argues the trial court committed a structural error by instructing

prospective jurors outside the presence of defense counsel, which deprived him of his

Sixth Amendment right to counsel. The State has proved the conceded error was

harmless beyond a reasonable doubt.

 I. Background
 STATE V. VENEY

 Opinion of the Court

 Defendant was charged with assault with a deadly weapon with the intent to

kill inflicting serious injury (“AWDWIKISI”) for stabbing Valerie Wright on 12 May

2015. On 6 July 2015, a grand jury returned a true bill of indictment. On 17 August

2015, the grand jury returned a superseding indictment charging Defendant with

three counts of AWDWIKISI for stabbing Valerie Wright, Krystal Octetree and

Dahmon Scott. The three charges of AWDWIKISI were joined for trial with other

charges from a different indictment for first-degree burglary and conspiracy to

commit felonious assault.

 Defendant was tried before a jury on the 5 December 2016. During the voir

dire portion of jury selection, the trial court called a recess. While waiting to resume

jury selection, and while Defendant’s trial counsel was outside of the courtroom, the

trial court gave the following instruction to the prospective juror pool, which

Defendant contests on appeal:

 COURT: While [defense counsel’s] gone, let me give you
 some instructions, all of you, if you happen to sit on this
 jury, you’re picked for this jury.

 As you’ve been told by the lawyers and by me, you have to
 try this case based on what you hear in the courtroom
 uninfluenced by any outside factor whatsoever. This case
 must be tried based upon the evidence presented and the
 law as I give it to you.

 I was licensed to practice law in 1970. That’s 46 years. At
 that time, the largest office in the law firm was the law
 library. Now lawyers walk around with a law library on
 their cell phone. Okay? Which means it gives them access
 to the law, and it gives you access to the law or access to

 -2-
 STATE V. VENEY

 Opinion of the Court

 anything you want to know. If something comes up in the
 case, I mean, you could Google “burglary” and get some
 kind of definition.

 The reason I say that to you is just to remind you please
 don’t do that. Please don’t do that. Okay? Please don’t do
 any research on your own. Don’t go to any alleged crime
 scene. Don’t read the law. If something comes up during
 the testimony with reference to forensic evidence from the
 City-County Bureau of Investigation, don’t Google the term
 or whatever.

 You’re not investigators. You’re jurists. Everything you
 need to know you’ll hear in the presentation of the evidence
 or in the legal principles that I will describe to you. So
 please don’t resort to any matter of investigation on your
 own. Don’t read any law. Don’t do any research. Don’t do
 anything of that nature please. You’re instructed not to.
 The Supreme Court has advised me to tell you that that
 would be improper.

 On 9 December 2016, the jury returned verdicts finding Defendant not guilty

of first-degree burglary, not guilty of conspiracy to commit felonious assault, but

guilty of three counts of assault with a deadly weapon inflicting serious injury

(“AWDWISI”). The trial court sentenced Defendant to three consecutive sentences of

twenty-six months to forty-four months imprisonment. Defendant’s trial counsel

gave oral notice of appeal in open court.

 II. Jurisdiction

 Jurisdiction lies in this Court from an appeal of a final judgment of the superior

court in a criminal case based upon the jury’s convictions of Defendant following pleas

of not guilty. N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a) (2017).

 -3-
 STATE V. VENEY

 Opinion of the Court

 III. Standard of Review

 “The standard of review for alleged violations of constitutional rights is de

novo.” State v. Graham, 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009) (citing

State v. Tate, 187 N.C. App. 593, 599, 653 S.E.2d 892, 897 (2007)).

 Structural error is a rare form of constitutional error
 resulting from structural defects in the constitution of the
 trial mechanism which are so serious that a criminal trial
 cannot reliably serve its function as a vehicle for
 determination of guilt or innocence.

State v. Garcia, 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (internal citations and

quotation marks omitted). Structural “error[ ] is reversible per se.” Id.

 The Supreme Court of the United States has made “a distinction between

structural errors, which require automatic reversal, and all other errors, which are

subject to harmless-error analysis.” Arnold v. Evatt, 113 F.3d 1352, 1360 (4th Cir.

1997). “The United States Supreme Court emphasizes a strong presumption against

structural error.” State v. Polke, 361 N.C. 65, 74, 638 S.E.2d 189, 195 (citing Neder v.

United States, 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)), cert. denied, 552 U.S. 836,

169 L. Ed. 2d 55 (2006).

 IV. Analysis

 A. Preservation

 Defendant’s sole argument is that the trial court committed structural error

by denying him his Sixth Amendment right to counsel by delivering instructions to

potential juror pool during voir dire, while his counsel was absent from the courtroom.

 -4-
 STATE V. VENEY

 Opinion of the Court

Defendant does not assert any arguments against the specific content of the disputed

instructions. Defendant conceded at oral arguments before this Court that if the trial

court’s recitation of instructions to the potential jurors was not structural error, then

it was harmless.

 Generally, “structural error, no less than other constitutional error, should be

preserved at trial.” Garcia, 358 N.C. at 410, 597 S.E.2d at 745. “Constitutional

questions not raised and passed on by the trial court will not ordinarily be considered

on appeal.” State v. Rawlings, 236 N.C. App. 437, 443-4, 762 S.E.2d 909, 914 (2014)

(citing State v. Tirado, 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004)). Defendant did

not object at trial to the trial court’s giving of instructions to potential jurors in his

counsel’s absence. “Unpreserved error in criminal cases . . . is reviewed only for plain

error.” State v. Lawrence, 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). Defendant

does not assert plain error on appeal. The State conceded at oral arguments on this

matter that it does not contest whether Defendant preserved his argument.

 In State v. Colbert, the Supreme Court of North Carolina reviewed a

defendant’s assertion of structural error, based upon the trial court starting jury

selection approximately twenty minutes before the defendant’s counsel had arrived

in the courtroom. State v. Colbert, 311 N.C. 283, 285, 316 S.E.2d 79, 80 (1984). The

Court noted “that defendant did not object to the foregoing procedure; however, he

does bring the alleged error forward by assignment of error and argument in briefs

 -5-
 STATE V. VENEY

 Opinion of the Court

before the Court of Appeals and this Court.” The Court proceeded to address the

defendant’s arguments on the merits. Id.

 Following our Supreme Court in Colbert and the concession by the State, we

address Defendant’s structural error argument on the merits. See id.

 B. Structural Error

 The State conceded at oral argument that the trial court erred by giving

instructions to prospective jurors in defense counsel’s absence, but argues that this

error did not amount to structural error and was harmless beyond a reasonable doubt.

 The Sixth Amendment to the Constitution of the United States grants

defendants the right to assistance of counsel. U.S. Const. amend. VI. An individual

is entitled to the assistance of counsel in all criminal prosecutions where his liberty

is at stake regardless of whether the offense is “classified as petty, misdemeanor, or

felony[.]” Argersinger v. Hamlin, 407 U.S. 25, 37, 32 L. Ed. 2d 530, 538 (1972). Denial

of counsel during a critical stage is “so likely to prejudice the accused at trial that

their costs of litigating their effect in a particular case is unjustified.” United States

v. Cronic, 466 U.S. 648, 658, 80 L. Ed. 2d 657, 667 (1984).

 Structural errors are rare constitutional errors that prevent a criminal trial

from “’reliably serv[ing] its function as a vehicle for determination of guilt or

innocence.’” Garcia, 358 N.C. at 409, 597 S.E.2d at 744 (citation omitted); see Arnold

v. Evatt, 113 F.3d 1352, 1360 (4th Cir. 1997) (stating that “judges should be wary of

 -6-
 STATE V. VENEY

 Opinion of the Court

prescribing new structural errors unless they are certain that the error’s presence

would render every trial in which it occurred unfair.”). Our Supreme Court stated:

 The United States Supreme Court has identified only six
 instances of structural error to date: (1) complete
 deprivation of right to counsel, Gideon v. Wainwright, 372
 U.S. 335, 9, L. Ed. 2d 799 (1963); (2) a biased trial judge,
 Tumey v. Ohio, 273 U.S. 510, 71 L. Ed. 749 (1927); (3) the
 unlawful exclusion of grand jurors of the defendant’s race,
 Vasquez v. Hillery,474 U.S. 254, 88 L. Ed. 2d 598 (1986);
 (4) denial of the right to self-representation at trial,
 McKaskle v. Wiggins, 465 U.S. 168, 79 L. Ed. 2d 122 (1984);
 (5) denial of the right to a public trial, Waller v. Georgia,
 467 U.S. 39, 81 L. Ed. 2d 31 (1984); and (6) constitutionally
 deficient jury instructions on reasonable doubt, Sullivan v.
 Louisiana, 508 U.S. 275, 124 L. Ed. 2d 182 (1993). See
 Johnson v. United States, 520 U.S. 461, 468-69, 137
 L.Ed.2d 718, 728 (identifying the six cases in which the
 United States Supreme Court has found structural error).

State v. Polke, 361 N.C. 65, 73, 638 S.E.2d 189, 194 (2006).

 A critical stage is “a step of a criminal proceeding that . . . [holds] significant

consequences for the accused.” Bell v. Cone, 535 U.S. 685, 696, 152 L. Ed. 2d 914, 927-

28 (2002) (citing Hamilton v. Alabama, 368 U.S. 52, 54, 7 L. Ed. 2d 114 (1961), and

White v. Maryland, 373 U.S. 59, 60, 10 L. Ed. 2d 193, 194 (1963)). Denial of counsel

during a critical stage of trial has been established where there is “complete denial of

counsel . . . if counsel entirely fails to subject the prosecution’s case to meaningful

adversarial testing.” Cronic, 466 U.S. at 659, 80 L. Ed. 2d at 668 (1984). The

appropriate remedy is automatic reversal, when counsel is “totally absent . . . during

a critical stage of the proceeding.” Id. at 659 n. 25, 80 L. Ed. 2d at 668 n. 25. Jury

 -7-
 STATE V. VENEY

 Opinion of the Court

selection is a critical stage of the trial. Colbert, 311 N.C. at 285, 316 S.E.2d at 80.

(citing State v. Hayes, 291 N.C. 293, 230 S.E. 2d 146 (1976)).

 Defendant asserts that he is entitled to “automatic reversal without any

showing of prejudice” since the trial court violated his Sixth Amendment right to

counsel when the court, in the absence of his counsel, instructed the potential jury

members to abstain from doing independent research regarding the case. In support

of his argument, Defendant relies upon State v. Colbert, in which the Supreme Court

of North Carolina held that the defendant’s Sixth Amendment right to counsel was

violated during a critical stage when the trial court instructed the state to begin jury

voir dire when defense counsel was absent, and thus could never be treated as

harmless error. Id. at 286, 316 S.E.2d at 79, 80-81.

 In Colbert, our Supreme Court found structural error where the trial court

allowed the prosecution to question and strike prospective jurors in the defense

counsel’s absence. Id. at 286, 316 S.E.2d at 80-81. Unlike in Colbert where the

defendant was denied his right to counsel during the critical stage of jury selection,

here the challenged instructions were not given during jury selection, but during a

recess. Id. at 283, 316 S.E.2d at 79. .

 The Supreme Court of the United States has recognized that a defendant does

not have an absolute right to consult with counsel during a brief recess. In Perry v.

Leake, the Supreme Court held that a state trial court’s order directing the defendant

 -8-
 STATE V. VENEY

 Opinion of the Court

not to consult with his counsel during a fifteen-minute recess following direct

examination of the defendant was not a deprivation of the defendant’s constitutional

right to counsel. Perry v. Leake, 488 U.S. 272, 283-84, 102 L. Ed. 2d 624, 635-36

(1989).

 Defendant also asserts the case of State v. Luker supports his structural error

argument. In State v. Luker, our Supreme Court held that where the defendant had

been denied counsel “for the presentation of his evidence and closing arguments at

his trial,” the defendant was denied his Sixth Amendment right to counsel. State v.

Luker, 311 N.C. 301, 301, 316 S.E.2d 309, 309 (1984). This denial of counsel was held

to be reversible error. Id.

 Defendant argues the trial court’s giving of instructions to potential jurors

during voir dire while his counsel was absent, deprived him of his right to counsel at

a critical stage of trial, which like in Luker, requires automatic reversal. Id. At bar,

unlike in Luker, Defendant’s counsel had not withdrawn from the case, but simply

failed to timely return from the morning break at the specified time of 11:37 a.m.

 During the two minutes Defendant’s counsel was out of the courtroom, voir

dire did not continue. Instead, the trial court made use of this time to generally

instruct the potential jury members to abstain from site visits or independent

research regarding the case. During these two minutes, neither the court nor the

State questioned prospective jurors. Here, the absence of defense counsel is not

 -9-
 STATE V. VENEY

 Opinion of the Court

comparable to the absence of defense counsel in Luker. Examination of a criminal

defendant and closing arguments are both critical stages of a trial that hold

significant consequences for the accused.

 During those stages defense counsel has the opportunity to build his client’s

credibility, present his version of the facts and evidence, and argue critical points and

evidence in the case. Here, Defendant’s counsel was absent for two minutes after a

morning recess and the voir dire was resumed when Defendant’s counsel returned to

the courtroom. This short recess was not a critical stage of the trial and did not result

in significant consequences for Defendant. See id.

 Presuming, arguendo, and as the State concedes, the trial court erred in

making general comments to the jury pool in a brief recess during a critical stage of

jury selection, while Defendant’s counsel was absent for two minutes, no activity

relating to selecting the jury, such as questioning or striking, occurred during this

period of time. We cannot agree that Defendant was completely deprived of his Sixth

Amendment right to counsel during the critical stage of jury selection to be per se

awarded a new trial, because of the trial court’s recitation of general instructions

regarding administrative matters during the two minutes his counsel was absent. See

State v. Rouse, 234 N.C. App. 92, 95, 757 S.E.2d 690, 692 (2014) (“The complete denial

of counsel is one of the six forms of structural error identified by the United States

Supreme Court.” (citations omitted) (emphasis supplied)). None of the instructions

 - 10 -
 STATE V. VENEY

 Opinion of the Court

touched upon jury selection or prejudiced Defendant, and Defendant’s counsel was

otherwise present for all other portions of jury selection and voir dire, except for the

two minutes at issue.

 We hold that because Defendant’s counsel was not absent during a critical

stage of the trial proceedings, per se structural error did not occur.

 C. Harmless Beyond a Reasonable Doubt

 While the State concedes, the trial court erred by giving instructions to the

jury while defense counsel was absent, the State has also proved such error was

harmless beyond a reasonable doubt.

 “A violation of the defendant’s rights under the Constitution of the United

States is prejudicial unless the appellate court finds that it was harmless beyond a

reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable

doubt, that the error was harmless.” State v. Hammonds, 370 N.C. 158, 167, 804

S.E.2d 438, 444 (2017) (citations omitted).

 Harmless-error analysis is appropriate in cases where a defendant has been

denied the Sixth Amendment’s right to counsel. State v. Thomas, 134 N.C. App. 560,

571, 518 S.E.2d 222, 230 (1999).

 The State argues that the trial court’s instructions to prospective jurors were

harmless beyond a reasonable doubt. We note that the trial court gave the jury

similar instructions at different times during trial while counsel was present without

 - 11 -
 STATE V. VENEY

 Opinion of the Court

objection. The instructions were given to the pool of potential jury members, some of

which may have been struck by counsel or excused by the court, and never had any

impact on Defendant’s conviction.

 In Satterwhite v. Texas, the trial court conducted a hearing on the psychological

evaluation of defendant. Satterwhite v. Texas, 486 U.S. 249, 252, 100 L. Ed. 2d 284,

291 (1988). The defendant was denied counsel while his competency was determined

during the examination. Id. The defendant claimed that his Sixth Amendment right

to counsel had been violated. Id. at 253, 100 L. Ed. 2d at 292. The Supreme Court of

United States refused to apply per se or automatic reversal, and instead conducted a

harmless-error analysis to determine whether the defendant’s right to counsel was

violated. Id. at 258, 100 L. Ed. 2d at 295. The Supreme Court determined that the

error that occurred in that case was not harmless, since the psychiatrist was the only

expert to testify on the issue of the defendant’s competency. Id. at 260, 100 L. Ed. 2d

at 296. The Court noted that it was “impossible to say beyond a reasonable doubt”

that the jury did not rely on the psychiatrist’s testimony in rendering a verdict. Id.

 Unlike in Satterwhite, where the jury heavily relied on the psychiatrist’s

testimony during deliberations, here the same or substantially similar instructions

were given to the jury on numerous occasions throughout the trial proceedings

without objection, thus making the jury’s reliance on the instructions given by the

trial court during the voir dire recess less impactful. The trial court rendered

 - 12 -
 STATE V. VENEY

 Opinion of the Court

standard instructions to the potential jurors about not doing outside research, talking

about the case while trial is pending, reading the law, and visiting the crime scene.

None of the contested instructions were specific to the witnesses and evidence or the

facts or law related to the offenses of which Defendant was charged. The trial court’s

error in giving these instructions without Defendant’s counsel present is harmless

beyond a reasonable doubt.

 V. Conclusion

 The trial court’s rendering of instructions to potential jurors during a recess at

the voir dire stage of jury selection while Defendant’s counsel was absent was not

structural error because this specific time was not a critical stage of trial. The State

has met its burden to show that the conceded error in the trial court’s giving of the

challenged instructions without Defendant’s counsel being present was harmless

beyond a reasonable doubt. It is so ordered.

 HARMLESS ERROR.

 Judge DIETZ concurs with separate opinion.

 Judge BERGER concurs with separate opinion.

 - 13 -
 No. COA17-1323 – State v. Veney

 DIETZ, Judge, concurring.

 The trial court violated Veney’s Sixth Amendment rights by speaking to the

jury pool about the ground rules for serving as a juror outside the presence of Veney’s

counsel. The court should not have done so, and no trial court should do this again.

 Nevertheless, I am persuaded by the Fourth Circuit’s analysis in United States

v. Owen, 407 F.3d 222, 226 (4th Cir. 2005). As Judge Luttig explained in Owen, even

if the error occurred at a point of the criminal proceeding that could be called a

“critical phase” in the abstract, structural error analysis turns not on labels but on

whether the error affects and contaminates the entire criminal proceeding to such a

degree that it casts doubt on the fairness of the trial process. Id.

 Here, the trial court’s brief discussion with the jury pool—a discussion that

was essentially about housekeeping rules governing their conduct if selected to

serve—did not affect and contaminate the entire subsequent proceeding. The court

did not discuss the charges against Veney or the law to be applied to those charges.

Moreover, Veney could have asked for the jury to be instructed not to conduct outside

research once seated and informed of the subject matter of the case, if this were a

concern. And the court did, in fact, instruct the jury on this issue later in the

proceeding, while Veney’s counsel was present.

 Veney conceded at oral argument that, unless we apply the structural error

rule, he cannot prevail because this Sixth Amendment violation was harmless beyond
 STATE V. VENEY

 Dietz, J., concurring

a reasonable doubt. Because the trial court’s error was not a structural one, I concur

in the Court’s judgment finding no prejudicial error.

 2
 No. COA17-1323 – State v. Veney

 BERGER, Judge, concurring in separate opinion.

 I fully concur with the majority’s opinion, but write separately to address the

apparent conflict between State v. Colbert, 311 N.C. 283, 316 S.E.2d 79 (1984) and

State v. Garcia, 358 N.C. 382, 597 S.E.2d 724 (2004), cert. denied, 543 U.S. 1156, 161

L. Ed. 2d 122 (2005).

 As noted in the majority’s opinion, the defendant in State v. Colbert did not

preserve his argument on appeal. Colbert, 311 N.C. at 285, 316 S.E.2d at 80. Even

so, our Supreme Court reviewed the merits of that defendant’s arguments for

harmless error. Id. at 286, 316 S.E.2d at 81. However, our Supreme Court more

recently declined to review a purported structural error that was not preserved. In

State v. Garcia, our Supreme Court stated, “It is well settled that constitutional

matters that are not raised and passed upon at trial will not be reviewed for the first

time on appeal.” Garcia, 358 N.C. at 410, 597 S.E.2d at 745 (citation and quotation

marks omitted). Further, “[s]tructural error, no less than other constitutional error,

should be preserved at trial.” Id.

 Here, Defendant waived review of his argument by failing to preserve the issue

at trial. But for the State’s concession at oral argument concerning preservation, it

would appear this Court should follow Garcia, and harmless error review should not

be utilized. Also, Defendant failed to argue for plain error review on appeal. This

case, however, presents the unusual circumstance in which Defendant’s trial counsel
 STATE V. VENEY

 BERGER, J., concurring in separate opinion

was potentially unaware of the error committed by the trial court in her absence.

Defendant never had the knowledge to object, or otherwise preserve the argument for

review. As such, Rule 2 would be the appropriate vehicle for this Court to reach the

merits of Defendant’s argument.

 2