TYSON, Judge.
*915 Rodney Veney ("Defendant") appeals from judgments entered upon his convictions for three counts of assault with a deadly weapon inflicting serious injury. Defendant argues the trial court committed a structural error *116 by instructing prospective jurors outside the presence of defense counsel, which deprived him of his Sixth Amendment right to counsel. The State has proved the conceded error was harmless beyond a reasonable doubt. *916 I. Background
Defendant was charged with assault with a deadly weapon with the intent to kill inflicting serious injury ("AWDWIKISI") for stabbing Valerie Wright on 12 May 2015. On 6 July 2015, a grand jury returned a true bill of indictment. On 17 August 2015, the grand jury returned a superseding indictment charging Defendant with three counts of AWDWIKISI for stabbing Valerie Wright, Krystal Octetree and Dahmon Scott. The three charges of AWDWIKISI were joined for trial with other charges from a different indictment for first-degree burglary and conspiracy to commit felonious assault.
Defendant was tried before a jury on the 5 December 2016. During the voir dire portion of jury selection, the trial court called a recess. While waiting to resume jury selection, and while Defendant's trial counsel was outside of the courtroom, the trial court gave the following instruction to the prospective juror pool, which Defendant contests on appeal:
COURT: While [defense counsel's] gone, let me give you some instructions, all of you, if you happen to sit on this jury, you're picked for this jury.
As you've been told by the lawyers and by me, you have to try this case based on what you hear in the courtroom uninfluenced by any outside factor whatsoever. This case must be tried based upon the evidence presented and the law as I give it to you.
I was licensed to practice law in 1970. That's 46 years. At that time, the largest office in the law firm was the law library. Now lawyers walk around with a law library on their cell phone. Okay? Which means it gives them access to the law, and it gives you access to the law or access to anything you want to know. If something comes up in the case, I mean, you could Google "burglary" and get some kind of definition.
The reason I say that to you is just to remind you please don't do that. Please don't do that. Okay? Please don't do any research on your own. Don't go to any alleged crime scene. Don't read the law. If something comes up during the testimony with reference to forensic evidence from the City-County Bureau of Investigation, don't Google the term or whatever.
*917 You're not investigators. You're jurists. Everything you need to know you'll hear in the presentation of the evidence or in the legal principles that I will describe to you. So please don't resort to any matter of investigation on your own. Don't read any law. Don't do any research. Don't do anything of that nature please. You're instructed not to. The Supreme Court has advised me to tell you that that would be improper.
On 9 December 2016, the jury returned verdicts finding Defendant not guilty of first-degree burglary, not guilty of conspiracy to commit felonious assault, but guilty of three counts of assault with a deadly weapon inflicting serious injury ("AWDWISI"). The trial court sentenced Defendant to three consecutive sentences of twenty-six months to forty-four months imprisonment. Defendant's trial counsel gave oral notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies in this Court from an appeal of a final judgment of the superior court in a criminal case based upon the jury's convictions of Defendant following pleas of not guilty. N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a) (2017).
III. Standard of Review
"The standard of review for alleged violations of constitutional rights is de novo ." State v. Graham , 200 N.C. App. 204, 214, 683 S.E.2d 437, 444 (2009) (citing State v. Tate , 187 N.C. App. 593, 599, 653 S.E.2d 892, 897 (2007) ).
Structural error is a rare form of constitutional error resulting from structural defects in the constitution of the trial mechanism which are so serious that a criminal trial cannot reliably serve its function as a *117 vehicle for determination of guilt or innocence.
State v. Garcia , 358 N.C. 382, 409, 597 S.E.2d 724, 744 (2004) (internal citations and quotation marks omitted). Structural "error[ ] is reversible per se ." Id.
The Supreme Court of the United States has made "a distinction between structural errors, which require automatic reversal, and all other errors, which are subject to harmless-error analysis." Arnold v. Evatt , 113 F.3d 1352, 1360 (4th Cir. 1997). "The United States Supreme Court emphasizes a strong presumption against structural error."
*918 State v. Polke , 361 N.C. 65, 74, 638 S.E.2d 189, 195 (2006) (citing Neder v. United States , 527 U.S. 1, 9, 119 S.Ct. 1827, 1833-34, 144 L.Ed.2d 35, 47 (1999) ), cert. denied , 552 U.S. 836, 128 S.Ct. 70, 169 L.Ed. 2d 55 (2007).
IV. Analysis
A. Preservation
Defendant's sole argument is that the trial court committed structural error by denying him his Sixth Amendment right to counsel by delivering instructions to potential juror pool during voir dire, while his counsel was absent from the courtroom. Defendant does not assert any arguments against the specific content of the disputed instructions. Defendant conceded at oral arguments before this Court that if the trial court's recitation of instructions to the potential jurors was not structural error, then it was harmless.
Generally, "structural error, no less than other constitutional error, should be preserved at trial." Garcia , 358 N.C. at 410, 597 S.E.2d at 745. "Constitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal." State v. Rawlings , 236 N.C. App. 437, 443-44, 762 S.E.2d 909, 914 (2014) (citing State v. Tirado , 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004) ). Defendant did not object at trial to the trial court's giving of instructions to potential jurors in his counsel's absence. "Unpreserved error in criminal cases ... is reviewed only for plain error." State v. Lawrence , 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). Defendant does not assert plain error on appeal. The State conceded at oral arguments on this matter that it does not contest whether Defendant preserved his argument.
In State v. Colbert , the Supreme Court of North Carolina reviewed a defendant's assertion of structural error, based upon the trial court starting jury selection approximately twenty minutes before the defendant's counsel had arrived in the courtroom. State v. Colbert , 311 N.C. 283, 285, 316 S.E.2d 79, 80 (1984). The Court noted "that defendant did not object to the foregoing procedure; however, he does bring the alleged error forward by assignment of error and argument in briefs before the Court of Appeals and this Court." The Court proceeded to address the defendant's arguments on the merits. Id.
Following our Supreme Court in Colbert and the concession by the State, we address Defendant's structural error argument on the merits. See id.
*919 B. Structural Error
The State conceded at oral argument that the trial court erred by giving instructions to prospective jurors in defense counsel's absence, but argues that this error did not amount to structural error and was harmless beyond a reasonable doubt.
The Sixth Amendment to the Constitution of the United States grants defendants the right to assistance of counsel. U.S. Const. amend. VI. An individual is entitled to the assistance of counsel in all criminal prosecutions where his liberty is at stake regardless of whether the offense is "classified as petty, misdemeanor, or felony[.]" Argersinger v. Hamlin , 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530, 538 (1972). Denial of counsel during a critical stage is "so likely to prejudice the accused at trial that their costs of litigating their effect in a particular case is unjustified." United States v. Cronic , 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657, 667 (1984).
Structural errors are rare constitutional errors that prevent a criminal trial from " 'reliably serv[ing] its function as a vehicle for determination of guilt or innocence.' " Garcia , 358 N.C. at 409, 597 S.E.2d at 744 (citation omitted); see Arnold v. Evatt , 113 F.3d 1352, 1360 (4th Cir. 1997) (stating that "judges should be wary of prescribing new *118 structural errors unless they are certain that the error's presence would render every trial in which it occurred unfair."). Our Supreme Court stated:
The United States Supreme Court has identified only six instances of structural error to date: (1) complete deprivation of right to counsel, Gideon v. Wainwright , 372 U.S. 335 [83 S.Ct. 792], 9 L.Ed.2d 799 (1963) ; (2) a biased trial judge, Tumey v. Ohio , 273 U.S. 510 [47 S.Ct. 437], 71 L.Ed. 749 (1927) ; (3) the unlawful exclusion of grand jurors of the defendant's race, Vasquez v. Hillery , 474 U.S. 254 [106 S.Ct. 617], 88 L.Ed.2d 598 (1986) ; (4) denial of the right to self-representation at trial, McKaskle v. Wiggins , 465 U.S. 168 [104 S.Ct. 944], 79 L.Ed.2d 122 (1984) ; (5) denial of the right to a public trial, Waller v. Georgia , 467 U.S. 39 [104 S.Ct. 2210], 81 L.Ed.2d 31 (1984) ; and (6) constitutionally deficient jury instructions on reasonable doubt, Sullivan v. Louisiana , 508 U.S. 275 [113 S.Ct. 2078], 124 L.Ed.2d 182 (1993). See Johnson v. United States , 520 U.S. 461, 468-69 [117 S.Ct. 1544, 1549-50], 137 L.Ed.2d 718, 728 [ (1997) ] (identifying the six cases in which the United States Supreme Court has found structural error).
State v. Polke , 361 N.C. 65, 73, 638 S.E.2d 189, 194 (2006).
*920 A critical stage is "a step of a criminal proceeding that ... [holds] significant consequences for the accused." Bell v. Cone , 535 U.S. 685, 696, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914, 927-28 (2002) (citing Hamilton v. Alabama , 368 U.S. 52, 54, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), and White v. Maryland , 373 U.S. 59, 60, 83 S.Ct. 1050, 1051, 10 L.Ed.2d 193, 194 (1963) ). Denial of counsel during a critical stage of trial has been established where there is "complete denial of counsel ... if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Cronic , 466 U.S. at 659, 104 S.Ct. at 2047, 80 L.Ed.2d at 668 (1984). The appropriate remedy is automatic reversal, when counsel is "totally absent ... during a critical stage of the proceeding." Id. at 659 n. 25, 104 S.Ct. at 2047 n. 25, 80 L.Ed.2d at 668 n. 25. Jury selection is a critical stage of the trial. Colbert , 311 N.C. at 285, 316 S.E.2d at 80. (citing State v. Hayes , 291 N.C. 293, 230 S.E.2d 146 (1976) ).
Defendant asserts that he is entitled to "automatic reversal without any showing of prejudice" since the trial court violated his Sixth Amendment right to counsel when the court, in the absence of his counsel, instructed the potential jury members to abstain from doing independent research regarding the case. In support of his argument, Defendant relies upon State v. Colbert , in which the Supreme Court of North Carolina held that the defendant's Sixth Amendment right to counsel was violated during a critical stage when the trial court instructed the state to begin jury voir dire when defense counsel was absent, and thus could never be treated as harmless error. Id. at 286, 316 S.E.2d at 79, 80-81.
In Colbert , our Supreme Court found structural error where the trial court allowed the prosecution to question and strike prospective jurors in the defense counsel's absence. Id. at 286, 316 S.E.2d at 80-81. Unlike in Colbert where the defendant was denied his right to counsel during the critical stage of jury selection, here the challenged instructions were not given during jury selection, but during a recess. Id. at 283, 316 S.E.2d at 79.
The Supreme Court of the United States has recognized that a defendant does not have an absolute right to consult with counsel during a brief recess. In Perry v. Leeke , the Supreme Court held that a state trial court's order directing the defendant not to consult with his counsel during a fifteen-minute recess following direct examination of the defendant was not a deprivation of the defendant's constitutional right to counsel. Perry v. Leeke , 488 U.S. 272, 283-84, 109 S.Ct. 594, 601-02, 102 L.Ed.2d 624, 635-36 (1989).
Defendant also asserts the case of State v. Luker supports his structural error argument. In State v. Luker , our Supreme Court held that *921 where the defendant had been denied counsel "for the presentation of his evidence and closing arguments at his trial," the defendant was denied his Sixth Amendment right to counsel. State v. Luker , 311 N.C. 301, 301, 316 S.E.2d 309, 309 (1984). This denial of counsel was held to be reversible error. Id. *119 Defendant argues the trial court's giving of instructions to potential jurors during voir dire while his counsel was absent, deprived him of his right to counsel at a critical stage of trial, which like in Luker , requires automatic reversal. Id . At bar, unlike in Luker , Defendant's counsel had not withdrawn from the case, but simply failed to timely return from the morning break at the specified time of 11:37 a.m.
During the two minutes Defendant's counsel was out of the courtroom, voir dire did not continue. Instead, the trial court made use of this time to generally instruct the potential jury members to abstain from site visits or independent research regarding the case. During these two minutes, neither the court nor the State questioned prospective jurors. Here, the absence of defense counsel is not comparable to the absence of defense counsel in Luker . Examination of a criminal defendant and closing arguments are both critical stages of a trial that hold significant consequences for the accused.
During those stages defense counsel has the opportunity to build his client's credibility, present his version of the facts and evidence, and argue critical points and evidence in the case. Here, Defendant's counsel was absent for two minutes after a morning recess and the voir dire was resumed when Defendant's counsel returned to the courtroom. This short recess was not a critical stage of the trial and did not result in significant consequences for Defendant. See id.
Presuming, arguendo , and as the State concedes, the trial court erred in making general comments to the jury pool in a brief recess during a critical stage of jury selection, while Defendant's counsel was absent for two minutes, no activity relating to selecting the jury, such as questioning or striking, occurred during this period of time. We cannot agree that Defendant was completely deprived of his Sixth Amendment right to counsel during the critical stage of jury selection to be per se awarded a new trial, because of the trial court's recitation of general instructions regarding administrative matters during the two minutes his counsel was absent. See State v. Rouse , 234 N.C. App. 92, 95, 757 S.E.2d 690, 692 (2014) ("The complete denial of counsel is one of the six forms of structural error identified by the United States Supreme Court." (citations omitted) (emphasis supplied) ). None of the instructions touched *922 upon jury selection or prejudiced Defendant, and Defendant's counsel was otherwise present for all other portions of jury selection and voir dire , except for the two minutes at issue.
We hold that because Defendant's counsel was not absent during a critical stage of the trial proceedings, per se structural error did not occur.
C. Harmless Beyond a Reasonable Doubt
While the State concedes, the trial court erred by giving instructions to the jury while defense counsel was absent, the State has also proved such error was harmless beyond a reasonable doubt.
"A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." State v. Hammonds , 370 N.C. 158, 167, 804 S.E.2d 438, 444 (2017) (citations omitted).
Harmless-error analysis is appropriate in cases where a defendant has been denied the Sixth Amendment's right to counsel. State v. Thomas , 134 N.C. App. 560, 571, 518 S.E.2d 222, 230 (1999).
The State argues that the trial court's instructions to prospective jurors were harmless beyond a reasonable doubt. We note that the trial court gave the jury similar instructions at different times during trial while counsel was present without objection. The instructions were given to the pool of potential jury members, some of which may have been struck by counsel or excused by the court, and never had any impact on Defendant's conviction.
In Satterwhite v. Texas , the trial court conducted a hearing on the psychological evaluation of defendant. Satterwhite v. Texas , 486 U.S. 249, 252, 108 S.Ct. 1792, 1795, 100 L.Ed.2d 284, 291 (1988). The defendant was denied counsel while his competency was determined during the examination. Id. The defendant claimed that his Sixth Amendment right to counsel had been violated. Id. at 253, 108 S.Ct. at 1795-96, 100 L.Ed. 2d at 292.
*120 The Supreme Court of United States refused to apply per se or automatic reversal, and instead conducted a harmless-error analysis to determine whether the defendant's right to counsel was violated. Id. at 258, 108 S.Ct. at 1798, 100 L.Ed.2d at 295. The Supreme Court determined that the error that occurred in that case was not harmless, since the psychiatrist was the only expert to testify on the issue of the defendant's competency. Id. at 260, 108 S.Ct. at 1799, 100 L.Ed.2d at 296. The Court noted that it was "impossible to say beyond a reasonable doubt"
*923 that the jury did not rely on the psychiatrist's testimony in rendering a verdict. Id.
Unlike in Satterwhite , where the jury heavily relied on the psychiatrist's testimony during deliberations, here the same or substantially similar instructions were given to the jury on numerous occasions throughout the trial proceedings without objection, thus making the jury's reliance on the instructions given by the trial court during the voir dire recess less impactful. The trial court rendered standard instructions to the potential jurors about not doing outside research, talking about the case while trial is pending, reading the law, and visiting the crime scene. None of the contested instructions were specific to the witnesses and evidence or the facts or law related to the offenses of which Defendant was charged. The trial court's error in giving these instructions without Defendant's counsel present is harmless beyond a reasonable doubt.
V. Conclusion
The trial court's rendering of instructions to potential jurors during a recess at the voir dire stage of jury selection while Defendant's counsel was absent was not structural error because this specific time was not a critical stage of trial. The State has met its burden to show that the conceded error in the trial court's giving of the challenged instructions without Defendant's counsel being present was harmless beyond a reasonable doubt. It is so ordered.
HARMLESS ERROR.
Judge DIETZ concurs with separate opinion.
Judge BERGER concurs with separate opinion.