DIETZ, Judge, concurring.
The trial court violated Veney's Sixth Amendment rights by speaking to the jury pool about the ground rules for serving as a juror outside the presence of Veney's counsel. The court should not have done so, and no trial court should do this again.
Nevertheless, I am persuaded by the Fourth Circuit's analysis in United States v. Owen , 407 F.3d 222, 226 (4th Cir. 2005). As Judge Luttig explained in Owen , even if the error occurred at a point of the criminal proceeding that could be called a "critical phase" in the abstract, *924 structural error analysis turns not on labels but on whether the error affects and contaminates the entire criminal proceeding to such a degree that it casts doubt on the fairness of the trial process. Id .
Here, the trial court's brief discussion with the jury pool-a discussion that was essentially about housekeeping rules governing their conduct if selected to serve-did not affect and contaminate the entire subsequent proceeding. The court did not discuss the charges against Veney or the law to be applied to those charges. Moreover, Veney could have asked for the jury to be instructed not to conduct outside research once seated and informed of the subject matter of the case, if this were a concern. And the court did, in fact, instruct the jury on this issue later in the proceeding, while Veney's counsel was present.
Veney conceded at oral argument that, unless we apply the structural error rule, he cannot prevail because this Sixth Amendment violation was harmless beyond a reasonable doubt. Because the trial court's error was not a structural one, I concur in the Court's judgment finding no prejudicial error.
BERGER, Judge, concurring in separate opinion.
I fully concur with the majority's opinion, but write separately to address the apparent conflict between State v. Colbert , 311 N.C. 283, 316 S.E.2d 79 (1984) and State v. Garcia , 358 N.C. 382, 597 S.E.2d 724 (2004), cert. denied , 543 U.S. 1156, 125 S.Ct. 1301, 161 L.Ed.2d 122 (2005).
*121 As noted in the majority's opinion, the defendant in State v. Colbert did not preserve his argument on appeal. Colbert , 311 N.C. at 285, 316 S.E.2d at 80. Even so, our Supreme Court reviewed the merits of that defendant's arguments for harmless error. Id. at 286, 316 S.E.2d at 81. However, our Supreme Court more recently declined to review a purported structural error that was not preserved. In State v. Garcia , our Supreme Court stated, "It is well settled that constitutional matters that are not raised and passed upon at trial will not be reviewed for the first time on appeal." Garcia , 358 N.C. at 410, 597 S.E.2d at 745 (citation and quotation marks omitted). Further, "[s]tructural error, no less than other constitutional error, should be preserved at trial." Id.
Here, Defendant waived review of his argument by failing to preserve the issue at trial. But for the State's concession at oral argument concerning preservation, it would appear this Court should follow Garcia , and harmless error review should not be utilized. Also, Defendant failed to argue for plain error review on appeal. This case, however, presents *925 the unusual circumstance in which Defendant's trial counsel was potentially unaware of the error committed by the trial court in her absence. Defendant never had the knowledge to object, or otherwise preserve the argument for review. As such, Rule 2 would be the appropriate vehicle for this Court to reach the merits of Defendant's argument.