STATE OF NORTH CAROLINA v. JAMES DAVID TAYLOR

No. COA07-297

(Filed 20 November 2007)

**Criminal Law— election to proceed without counsel—defendant not properly informed**

The trial court did not comply with N.C.G.S. § 15A-1242 during defendant's election to proceed without counsel on charges of speeding in excess of fifteen miles per hour, and the matter was remanded for a new trial. The court failed to properly inform defendant of the range of permissible punishments when it failed to inform defendant that in addition to a maximum 60 day sentence for each charge, he also faced a maximum fine of $1,000 for each charge.

Appeal by defendant from judgment entered 10 May 2006 by Judge Thomas D. Haigwood in Lenoir County Superior Court. Heard in the Court of Appeals 8 October 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Robert D. Croom, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

ELMORE, Judge.

On 1 January and 12 January 2006, defendant was issued citations for speeding in excess of fifteen miles per hour. On 21 and 28 February 2006, defendant was convicted in Lenoir County District Court on each of the charges. Thereafter, defendant appealed both convictions to Lenoir County Superior Court.

On 27 March 2006, defendant made an initial appearance before Superior Court Judge Kenneth Crow and signed a waiver of counsel form. Following a trial on 8 May 2006 before Superior Court Judge Thomas D. Haigwood, a jury found defendant guilty of both charges. On 10 May 2006, Judge Haigwood imposed two consecutive thirty-day suspended sentences and a total of six months' supervised probation. Defendant now appeals his convictions.

Defendant's sole argument on appeal is that the trial court erred by allowing defendant to represent himself without establishing that defendant's waiver of his right to counsel was knowing, voluntary, and intelligent as prescribed by N.C. Gen. Stat. § 15A-1242.

At the 27 March 2006 initial appearance, the trial court inquired as to defendant's desire to be represented by counsel as follows:

The Court: It appears that you were convicted of a couple of speeding tickets and appealed it to Superior Court; is that correct?

Defendant: Yes, I did.

The Court: All right. Both of the cases are class 2 misdemeanors. They carry up to 60 days in jail. I wouldn't give you any jail time on them even if the jury convicted you because they're regular speeding tickets, do you understand that?

Defendant: Yes, sir.

The Court:  All right. Have you hired a lawyer?

Defendant:  No.

The Court:  You can either hire a lawyer or you can represent yourself, but you wouldn't be eligible for court appointed counsel. And the reason is because I wouldn't give you any jail time even if you were convicted. Do you understand that, sir?

Defendant:  Uh-huh.

The Court:  How would you like to proceed on your charges?

Defendant:  I wouldn't—I'm going to represent myself.

The Court:  You'd like to represent yourself?

Defendant:  Yes, sir.

The Court:  I need you to sign a piece of paper that says that, sir.

(Bailiff places a document before the defendant and the defendant appears to sign the document.)

Defendant contends that the trial court's inquiry failed to comply with the requirements of N.C. Gen. Stat. § 15A-1242, which governs a defendant's election to proceed without counsel. This statute provides as follows:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2005).

Defendant contends that the trial court failed to meet these statutory requirements when it erroneously informed defendant that he was not entitled to appointed counsel. Specifically, defendant asserts

that the trial court's intention not to sentence defendant to any jail time is not relevant to whether defendant is entitled to appointment of counsel.

While the State asserts that the trial court complied with N.C. Gen. Stat. § 15A-1242 such that a new trial is not warranted, it nevertheless concedes that the trial court improperly imposed suspended sentences because defendant was not represented by counsel. *See State v. Neeley*, 307 N.C. 247, 252, 297 S.E.2d 389, 393 (1982) (holding that where "the crime for which the defendant is charged carries a possible prison sentence of any length, the judge may not impose an active prison sentence on the defendant unless defendant has been afforded the opportunity to have counsel represent him."); *see also Alabama v. Shelton*, 535 U.S. 654, 674, 152 L. Ed. 2d 888, 906 (2002) (holding that a suspended sentence that may result in actual imprisonment may not be imposed unless defendant was represented by counsel in prosecution for the crime charged). Accordingly, the State asserts that this Court should remand for re-sentencing rather than for a new trial.

We agree with the State that the trial court was not permitted to impose a suspended sentence in this case. Because defendant was not represented by counsel, the sentencing judge was limited to a community punishment and a monetary fine. *See* N.C. Gen. Stat. § 15A-1340.23(b) (2005). However, we need not reach the issue of whether defendant was improperly sentenced because we conclude that the trial court failed to comply with N.C. Gen. Stat. § 15A-1242 such that defendant is entitled to a new trial.

First, the trial court failed to properly inform defendant regarding "the range of permissible punishments" that he faced. N.C. Gen. Stat. § 15A-1242(3) (2005). While the trial court correctly informed defendant of the maximum 60-day imprisonment penalty for a Class 2 misdemeanor, *see* N.C. Gen. Stat. §§ 20-141(j1) and 15A-1340.23(c), it failed to inform defendant that he also faced a maximum $1,000.00 fine for each of the charges. *See* N.C. Gen. Stat. § 15A-1340.23(b) (2005).

Furthermore, the trial court's conclusion that defendant was not entitled to appointed counsel was also erroneous. An indigent defendant is entitled to appointment of counsel for "[a]ny case in which imprisonment, or a fine of five hundred dollars ($500.00), or more, is likely to be adjudged." N.C. Gen. Stat. § 7A-451(a)(1) (2005). Regardless of whether defendant was likely to face a term of imprison-

ment in this case, we conclude that defendant did face a fine of greater than $500.00 for each of the charges. Because the sentencing options in this case were limited to a community sentence and a fine for the reasons discussed above, the possibility of the imposition of such a fine was likely in this case, especially given that the total maximum possible fine was $2,000.00 and defendant had been charged with the same speeding offense not once, but twice on two separate occasions. Given the likelihood of a fine greater than $500.00, defendant would have been entitled to the appointment of counsel if it had been determined that he was indigent. As such, the trial court failed to properly advise defendant of "his right to the assignment of counsel." N.C. Gen. Stat. § 15A-1242(1) (2005). Consequently, we conclude that the trial court failed to comply with the requirements of N.C. Gen. Stat. §15A-1242.

Although we recognize that defendant signed a written waiver, "[t]he execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 are fulfilled." *State v. Evans*, 153 N.C. App. 313, 316, 569 S.E.2d 673, 675 (2002). Accordingly, we reverse the judgment and remand the cause for a new trial.

Reversed and Remanded.

Judges WYNN and BRYANT concur.