STATE OF NORTH CAROLINA v. MARVIN MELLET RAMIREZ

No. COA11-1331

(Filed 17 April 2012)

**Constitutional Law—right to counsel—revocation proceedings— waiver of counsel—failure to conduct sufficient inquiry**

The trial court erred in a probation revocation proceeding by allowing defendant to proceed without counsel. Defendant had not waived counsel entirely but had waived only assigned counsel and the trial court did not conduct the inquiry as required by N.C.G.S. § 15A-1242 to ensure that defendant wanted to proceed *pro se.*

Appeal by defendant from judgments entered on or about 27 June 2011 by Judge Alma L. Hinton in Superior Court, Pitt County. Heard in the Court of Appeals 4 April 2012.

**STATE v. RAMIREZ**

[220 N.C. App. 150 (2012)]

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Gaines M. Weaver, for the State.*

*John R. Mills, for defendant-appellant.*

*Diener Law, by Cynthia E. Everson, for defendant-appellant.*

STROUD, Judge.

Defendant appeals the revocation of his probation. For the following reasons, we reverse and remand for a new hearing.

## I. Background

On or about 11 February 2011, defendant pled guilty to various offenses; defendant was placed on supervised probation. On 16 June 2011, defendant was informed that a hearing would be held regarding his violation of the conditions of probation. On 17 June 2011, defendant signed a "WAIVER OF COUNSEL" form ("waiver form") noting that he waived his "right to *assigned* counsel" but that he did *not* waive his "right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel." (Emphasis added). Furthermore, on the waiver form defendant did *not* check the box indicating that he "desire[d] to appear in [his] own behalf[.]" In summary, the waiver form indicated that defendant had waived his right to assigned counsel but intended to hire his own counsel and did not desire to proceed *pro se*. On 27 June 2011, at defendant's probation revocation hearing, the following dialogue took place:

> MS. HORNER [State's attorney]: Marvin Ramirez.
>
> Mr. Ramirez is at 61 and 64 on the probation calendar. Mr. Ramirez previously waived counsel on June 17th, 2011. Mr. Ramirez, are you ready to proceed today?
>
> THE DEFENDANT: Yes, ma'am.
>
> MS. HORNER: And are you ready to proceed without a lawyer?
>
> THE DEFENDANT: When I went to my first appearance, I was going—when they asked me did I want to hire a lawyer or have an appointed attorney, I told them I would hire one because of the new charge I had.

MS. HORNER: Your Honor, in this particular case, he did waive on June 17th, 2011; however, because of the anticipated request today, I'm not sure of the Court's position as to reconsidering.

THE COURT: If he waived, we're ready to go.

. . . .

THE COURT: Mr. Ramirez, is there anything you would like to tell me about yourself or your case?

THE DEFENDANT: Your Honor, the reason I don't have no attorney is because I—

THE COURT: I'm not interested.

Defendant admitted to the probation violation and was subsequently sentenced to imprisonment by the trial court. Defendant appeals.

## II.  Defendant's Right to Counsel

Defendant contends that the trial court erred in allowing him to proceed without counsel as he had not waived counsel entirely but had waived only assigned counsel. We review this issue *de novo*. *State v. Watlington*, ___ N.C. App. ___, ___, 716 S.E.2d 671, 675 (2011).

The State directs this Court's attention to *State v. Warren*, 82 N.C. App. 84, 345 S.E.2d 437 (1986), arguing that in *Warren* the defendant was not entitled to a new probation revocation hearing where "[t]he defendant . . . signed . . . a waiver, the trial court certified that defendant had been advised per G.S. Sec. 1242, and there is no record to support defendant's contention that the waiver of counsel was not knowing, intelligent and voluntary." *Id.* at 89, 345 S.E.2d at 441. However, we find this case distinguishable because in *Warren* the defendant indicated that he planned to represent himself and was waiving his right to all counsel; *id.* at 87, 345 S.E.2d at 440, here, both on defendant's waiver form and before the trial court defendant consistently maintained that he intended to hire an attorney, and he did not intend to proceed *pro se*. Thus, we find this case to be more in line with *State v. McCrowre*, 312 N.C. 478, 322 S.E.2d 775 (1984).

In *McCrowre*, at his arraignment, the defendant signed a waiver of *assigned* counsel stating that he planned to hire counsel. *Id.* at 479, 322 S.E.2d at 776. When defendant's case was called for trial, 13 days later, defendant asked for a continuance stating that he was going to hire an attorney. *Id.* at 479-80, 322 S.E.2d at 776. The trial court con-

tinued the case. *Id.* at 480, 322 S.E.2d at 776. A week later, defendant again appeared before the trial court without an attorney. *Id.* The defendant twice requested the assistance of counsel which the trial court denied because the defendant had waived his right to appointed counsel. *Id.* Our Supreme Court stated,

> *The record clearly indicates that when defendant signed the waiver of his right to assigned counsel, he did so with the expectation of being able to privately retain counsel.* Before Judge Battle, the defendant stated that he wanted to discharge Mr. Britt, his assigned counsel, and employ his own lawyer. *There is no evidence that defendant ever intended to proceed to trial without the assistance of some counsel.*
>
>> *Statements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself.* At most, defendant's statements amounted to an expression of the desire that his court-appointed lawyers be replaced. *Given the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention.*
>
> The waiver of counsel, like the waiver of all constitutional rights, must be knowing and voluntary, and the record must show that the defendant was literate and competent, that he understood the consequences of his waiver, and that, in waiving his right, he was voluntarily exercising his own free will.

*The trial judge mistakenly believed that defendant had waived his right to all counsel* at arraignment.

Had defendant clearly indicated that he wished to proceed pro se, the trial court was required to make inquiry to determine whether defendant:

(1)   Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2)   Understands and appreciates the consequences of this decision; and

(3)   Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (1983). Such was not done in the present case and it was therefore error to permit defendant to go to trial without the assistance of counsel. For this reason, defendant is entitled to a new trial.

*Id.* at 480-81, 322 S.E.2d at 776-77 (emphasis added) (citations, ellipses, and brackets omitted); *see also State v. Proby*, 168 N.C. App. 724, 726, 608 S.E.2d 793, 794 (2005) ("Before a defendant in a probation revocation is allowed to represent himself, the court must comply with the requirements of N.C. Gen. Stat. § 15A-1242[.]")

Here, just as in *McCrowre*, defendant initially waived only his right to appointed counsel with the intent of hiring his own attorney. *See McCrowre*, 312 N.C. at 479, 322 S.E.2d at 776. The trial court also seems to have been under the mistaken belief that defendant had waived his right to *all* counsel as the State told the trial court that defendant had "waived counsel[,]" and when directed by the trial court to begin only if counsel had been waived, the State began discussing the merits of the hearing. *See id.* at 481, 322 S.E.2d at 777. As the trial court did not conduct the inquiry as required by N.C. Gen. Stat. § 15A-1242, to ensure that defendant wanted to proceed *pro se*, we must reverse and remand for a new hearing. *See id.*

### III. Conclusion

For the foregoing reasons, we reverse and remand for a new hearing.

REVERSED and REMANDED.

Judges HUNTER, Robert C. and ERVIN concur.