IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-974

Filed: 21 April 2020

Stanly County, No. 18CRS050385

STATE OF NORTH CAROLINA,

v.

DERRICK LINDSEY, Defendant.

Appeal by Defendant from judgment entered 13 March 2019 by Judge Kevin M. Bridges in Stanly County Superior Court. Heard in the Court of Appeals 18 March 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*Sarah Holladay for Defendant.*

BROOK, Judge.

Derrick Lindsey ("Defendant") appeals from judgment entered upon jury verdicts of guilty for felony breaking and entering, felony larceny, and misdemeanor injury to real property. On appeal, Defendant argues the trial court erred in failing to either appoint counsel or secure a valid waiver of counsel until his trial—more than a year after his arrest. Defendant further argues that the trial court committed plain error in allowing secondary evidence of the contents of a videotape where the State failed to establish that the videotape itself was unavailable. Finally, Defendant argues that the trial court erred in entering a civil judgment for attorney's fees of

standby counsel against Defendant without giving him notice and opportunity to be heard.

We agree with Defendant that he is entitled to a new trial because the trial court did not ensure Defendant validly waived the assistance of counsel prior to trial, and the State has failed to show that the error was harmless beyond a reasonable doubt. We therefore need not reach Defendant's remaining issues on appeal.

I. Factual and Procedural Background

Because the issue dispositive to this appeal does not relate to the facts surrounding the alleged crimes or the trial, a detailed recitation of both is unnecessary. Briefly, the State's evidence tended to show that Defendant broke into a gas station, stole two packs of Newport 100 cigarettes, and broke a window lock in the process. Defendant was arrested on 7 March 2018 and remained in custody through his trial on 12 March 2019.

On 23 April 2018, Defendant filed pro se motions requesting discovery and a subpoena so he could subpoena evidence. On 22 May 2018, Defendant mailed a letter to the clerk of court asking for a status update. On 7 June 2018, Defendant filed a pro se motion to dismiss for lack of an enacting clause and lack of subject matter jurisdiction. The Assistant Clerk of Stanly County Superior Court responded by letter indicating that Defendant's motion had been sent to the district attorney's office for review and stating as follows: "[Y]our case has been continued to the August 20,

2018 term of Superior Court. There will be a Writ issued to bring you in front of the judge at that time. You may address your concerns and motions with the Presiding Judge when deemed appropriate by the Presiding Judge." On 27 July 2018, Defendant filed a pro se motion for an audit trail on the bond that was set.

On 20 August 2018, Judge Jeffery K. Carpenter first addressed Defendant's right to counsel in the following exchange:

> [THE COURT]: [Defendant], you're here on a felony breaking or entering. It's a Class H felony which carries a maximum sentence of 39 months; a larceny after breaking or entering, a Class H felony which carries a maximum sentence of 39 months; and an injury to real property, a Class one misdemeanor which carries a maximum punishment sentence of 120 days.
>
> You have three options in regards to counsel or representation. You can hire your own lawyer, represent yourself or ask me to consider you for court appointed counsel.
>
> [DEFENDANT]: I can speak for myself.
>
> [THE COURT]: Do you want a lawyer to represent you?
>
> [DEFENDANT]: No.
>
> [THE COURT]: [Defendant], I need you to sign a waiver to counsel. [Defendant], you're wanting to waive all rights to counsel? Did I understand you correctly on that? You're not just waiving court appointed counsel, you're waiving all counsel; is that correct?
>
> [DEFENDANT]: I'm not waiving any rights. I'm simply waiving court appointed counsel.

[THE COURT]: So you want to waive court appointed counsel?

[DEFENDANT]: Yes.

[THE COURT]: He's waiving court appointed counsel. [Defendant], I am told that the assistant district attorney that has been assigned to handle your case is in district court. They are going to see if they can come over here and give you an opportunity to talk to them and see if you all can come to a resolution.

When the assistant district attorney came back to the courtroom during that same court session, she addressed the court and said, ""[O]ur office received a pro se discovery request from [Defendant], and upon checking out his file, he hasn't addressed counsel. It's my understanding that has been done in my absence, that he has requested to hire his own counsel." Judge Carpenter responded, "He did not do that. He just waived court appointed counsel." Judge Carpenter then continued Defendant's case to 22 October 2018. Defendant signed a waiver of counsel form, acknowledging his right to counsel and checking box one, which read, "I waive my right to assigned counsel and that I, hereby, expressly waive that right." Judge Carpenter, in the same form, certified that Defendant voluntarily, knowingly, and intelligently elected to be tried "without the assignment of counsel." Judge Carpenter subsequently appointed Andrew Scales as standby counsel for Defendant.

During the October 2018 session,[1] Judge Carpenter permitted Defendant to argue his pro se motion to dismiss for lack of an enacting clause and for lack of subject matter jurisdiction. Mr. Scales served only as standby counsel at this hearing; to wit, he did not assist Defendant with his argument or otherwise substantively participate in the hearing. Judge Carpenter denied Defendant's motion and set Defendant's case for trial on 14 January 2019. Judge Carpenter also clarified that he had appointed Mr. Scales as Defendant's standby counsel and that Mr. Scales would continue in that role.

The record is silent as to what happened on 14 January 2019. However, on 20 January 2019, Defendant filed a pro se motion with the court which read:

> My court date was set on 1-14-19 but I was never called to court. I signed a wa[i]ver of attorn[e]y so there is no court appointed attorney on this case. Can you please tell me why this case was continued without my consent and without me being present in court. This is a violation of my constitutional right to due process of law.

The Assistant Clerk of Stanly County Superior Court responded by letter that "I can only advise that the case was continued from 1/14/2019 to 2/18/2019, we are only the record keepers and I cannot say as to a reason for the continuance. I have forwarded

---

[1] The record is unclear as to whether the next court date was 22 October 2018 or 24 October 2018. The Stanly County Clerk of Superior Court sent a letter to Defendant that his next court date was 22 October 2018, but the transcript of the proceedings is dated both 22 October 2018 and 24 October 2018. The appointment of counsel form is dated 24 October 2018, but during the court session Defendant's standby counsel indicated that he had already been "appointed in some way[.]" We will refer to this as the October 2018 session.

a copy of your letter to the District Attorney's office." The record is also silent as to the 18 February 2019 session.

On 12 March 2019, Defendant's case proceeded to trial. Before trial, Judge Kevin Bridges spoke with Defendant, saying, "I noticed that you did sign a waiver before the Honorable Judge Carpenter on 20 August 2018, but that was only a waiver of your right to court-appointed counsel. [] [I]f you intend to proceed *pro se*, ideally I need a waiver of all counsel." Defendant elected to proceed pro se, and Judge Bridges secured a full waiver as follows:

> [THE COURT]: Sir, I just want to confirm with you, first of all, you are Derrick Lindsey.
>
> [DEFENDANT]: I'm here concerning that matter.
>
> . . .
>
> [THE COURT]: All right. You understand you have the right to remain silent. Anything you say may be used against you. Do you understand that?
>
> [DEFENDANT]: I comprehend this.
>
> . . .
>
> [THE COURT]: All right. Thank you. Sir, I just want to be clear that you understand that you are charged with breaking and/or entering, which is a Class H felony, which carries a maximum punishment of up to 39 months in prison. Also, you are charged with larceny after breaking and entering, punishable by a maximum of up to 39 months in prison. And also you're charged with injury to real property, a Class 1 misdemeanor, punishable by a maximum of up to 120 days.

Do you understand that sir?

[DEFENDANT]:  Yes, sir.

[THE COURT]:  Am I correct that you still want to proceed pro se?  Meaning you want to represent yourself in this trial.

[DEFENDANT]:  I am speaking for myself.  Yes, I am.

[THE COURT]:  All right.  Then I need to ask you some additional questions, sir.  Are you able to hear and understand me clearly?

[DEFENDANT]:  Yes, I am.

[THE COURT]:  Are you now under the influence of any alcoholic beverages, drugs, narcotics, or pills?

[DEFENDANT]:  No, I'm not.

[THE COURT]:  How old are you, sir?

[DEFENDANT]:  35.

[THE COURT]:  Have you completed high school?

[DEFENDANT]:  Yes, I have.

[THE COURT]:  So you can read and write?

[DEFENDANT]:  Yes, I can.

[THE COURT]:  Do you suffer from any mental or physical handicaps?

[DEFENDANT]:  No, sir.

[THE COURT]:  Do you understand that you do have the

right to be represented by a lawyer, and if you cannot afford one the court will look into appointing one for you?

[DEFENDANT]: Yes.

[THE COURT]: Do you understand that if you do decide to represent yourself you must follow the same rules of evidence and procedure that a lawyer would follow in court?

[DEFENDANT]: Yes, I do.

[THE COURT]: Do you understand that if you do decide to represent yourself the Court will not give you any legal advice concerning any issues that may arise in your case?

[DEFENDANT]: I do.

[THE COURT]: Do you understand the Court's role is to be fair and impartial to both sides?

[DEFENDANT]: Yes, I do.

[THE COURT]: All right. Based on what I just said to you, do you have any questions at all before me about your right to a lawyer?

[DEFENDANT]: No.

[THE COURT]: At this time then do you now waive your right to assistance of a lawyer and voluntarily and intelligently decide to represent yourself in these cases?

[DEFENDANT]: Yes, sir.

Defendant then signed another waiver of counsel form, this time acknowledging his right to assistance of counsel and checking box 2, which read, "I waive my right to all assistance of counsel which includes my right to assigned

counsel and my right to the assistance of counsel. In all respects, I desire to appear on my own behalf, which I understand I have the right to do." Judge Bridges signed the same waiver, certifying that Defendant voluntarily, knowingly, and intelligently elected to be tried "without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel."

Mr. Scales continued as standby counsel for the duration of Defendant's trial and sentencing. Defendant was sentenced to two terms of 11 to 23 months' active imprisonment to run consecutively.

## II. Standard of Review

As noted by this Court in *State v. Watlington*, 216 N.C. App. 388, 716 S.E.2d 671 (2011), "[p]rior cases addressing waiver of counsel under N.C. Gen. Stat. § 15A-1242 have not clearly stated a standard of review, but they do, as a practical matter, review the issue *de novo*." *Id.* at 393-94, 716 S.E.2d at 675. We will, as we did in *Watlington*, review this issue de novo. *Id.* at 394, 716 S.E.2d at 675. "Under a *de novo* review, th[is C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and marks omitted).

## III. Analysis

On appeal, Defendant contends that the trial court erred in failing to appoint counsel or secure a valid waiver of counsel until more than a year after Defendant's

arrest.  Defendant argues that the State has not proved beyond a reasonable doubt that the deprivation of the right to counsel from arrest to trial was not harmless beyond a reasonable doubt.  In the alternative, Defendant argues that this error occurred at a critical stage of the proceedings and is thus per se prejudicial error requiring a new trial.

For the reasons stated below, we agree with Defendant that the trial court erred in failing to appoint counsel or secure a valid waiver and, further, that the State has not proved that the deprivation of counsel during this pre-trial period was harmless beyond a reasonable doubt.  Therefore, we do not reach his argument in the alternative.

## A. Preservation

As an initial matter, we briefly address the dissent's argument that these matters are not preserved for appellate review.

"[T]he right to have the assistance of counsel is" one of "those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions." *Powell v. Alabama*, 287 U.S. 45, 66-67, 53 S. Ct. 55, 63, 77 L. Ed. 158, 169 (1932) (internal marks and citations omitted).  "When an accused manages his own defense, he relinquishes . . . many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562, 581 (1975).  "For this reason[,] . . . the accused must knowingly and

intelligently forgo those relinquished benefits." *Id.* (internal marks and citations omitted).

In North Carolina, the Sixth Amendment rights at issue are safeguarded by and inextricably intertwined with an effectuating statute—N.C. Gen. Stat. § 15A-1242. The waiver inquiry mandated by N.C. Gen. Stat. § 15A-1242 serves to ensure any waiver of counsel is knowing, voluntary, and intelligent. *See State v. Fulp*, 355 N.C. 171, 175, 558 S.E.2d 156, 159 (2002). "It is well established that when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding [the] defendant's failure to object at trial." *State v. Davis*, 364 N.C. 297, 301, 698 S.E.2d 65, 67 (2010); *see also State v. Aikens*, 342 N.C. 567, 578, 467 S.E.2d 99, 106 (1996) ("The trial court's failure to comply with this mandatory statute relieved [the] [d]efendant of his obligation to object in order to preserve the error for review."). Furthermore, our Supreme Court in *State v. Colbert*, 311 N.C. 283, 285, 316 S.E.2d 79, 80 (1984), and, more recently, this Court in *State v. Veney*, 259 N.C. App. 915, 918, 817 S.E.2d 114, 117 (2018) (citing *Colbert*, 311 N.C. at 285, 316 S.E.2d at 80), have reviewed unobjected-to Sixth Amendment denial of counsel claims in which the defendant was unrepresented at a court proceeding. The dissent does not mention either *Colbert* or *Veney*, let alone explain why this governing precedent does not control the outcome,

nor does it identify any case law involving the circumstances at issue in support of its contention that Defendant's constitutional arguments have been waived.

Finally, the State has not questioned whether appellate review is appropriate in such instances; in *Veney* it conceded that "it does not contest whether Defendant preserved his [constitutional] argument[,]" 259 N.C. App. at 918, 817 S.E.2d at 117, and the State takes a similar tack here.

Defendant's overlapping constitutional and statutory arguments are properly before our Court.

## B. Merits

"The Sixth Amendment of the Constitution of the United States as applied to the states through the Fourteenth Amendment guarantees an accused in a criminal case the right to the assistance of counsel for his defense." *State v. White*, 78 N.C. App. 741, 744, 338 S.E.2d 614, 616 (1986) (citing *Gideon v. Wainwright*, 372 U.S. 335, 339-40, 83 S. Ct. 792, 794, 9 L. Ed. 2d 799, 802 (1963)). A criminal defendant also "has a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." *State v. Mems*, 281 N.C. 658, 670-71, 190 S.E.2d 164, 172 (1972). Before allowing a defendant to proceed pro se, the trial court must establish both that the defendant clearly and unequivocally expressed a desire to proceed without counsel, and that the defendant knowingly, intelligently, and voluntarily waived the right to counsel. *White*, 78 N.C. App. at 746, 338 S.E.2d

at 617; *see also State v. Graham*, 76 N.C. App. 470, 474, 333 S.E.2d 547, 549 (1985) ("Absent such evidence, the court should not [] permit[] [a defendant] to proceed *pro se*.").

"Without a clear and unequivocal request to waive representation and proceed *pro se*, the trial court should not [] proceed[] with such assumption." *State v. Pena*, 257 N.C. App. 195, 203, 809 S.E.2d 1, 6 (2017). Exchanges that have amounted to a "clear indication" of the desire to proceed pro se have included: "The State has afforded me excellent legal counsel, but I still choose to represent myself[,]" *State v. Moore*, 362 N.C. 319, 323, 661 S.E.2d 722, 725 (2008); when the trial court asked, "But you want to proceed without an attorney?" The defendant answered, "Yes, sir[,]" *State v. Jackson*, 190 N.C. App. 437, 441, 660 S.E.2d 165, 167 (2008); the trial court asked, "Of those three choices, which choice do you make?" The defendant answered, "Represent myself[,]" *State v. Whitfield*, 170 N.C. App. 618, 621, 613 S.E.2d 289, 291 (2005). On the other hand, "[s]tatements of a desire not to be represented by court-appointed counsel do not amount to expressions of an intention to represent oneself." *State v. McCrowre*, 312 N.C. 478, 480, 322 S.E.2d 775, 777 (1984).

Before a defendant waives the right to counsel, "the trial court must [e]nsure that constitutional and statutory standards are satisfied." *State v. LeGrande*, 346 N.C. 718, 722, 487 S.E.2d 727, 729 (1997). "This Court has held that N.C.G.S. § 15A-1242 satisfies any constitutional requirements by adequately setting forth the

parameters of such inquiries." *Fulp*, 355 N.C. at 175, 558 S.E.2d at 159. Under N.C.

Gen. Stat. § 15A-1242,

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
>
> > (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
> >
> > (2) Understands and appreciates the consequences of this decision; and
> >
> > (3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2019).

"The record must reflect that the trial court is satisfied regarding each of the

three inquiries listed in the statute." *State v. Stanback*, 137 N.C. App. 583, 586, 529

S.E.2d 229, 230 (2000). The trial court must specifically advise a defendant of the

possible maximum punishment, *State v. Frederick*, 222 N.C. App. 576, 583, 730

S.E.2d 275, 280 (2012) (telling the defendant he could "go to prison for a long, long

time" not specific), of the range of permissible punishments, *State v. Taylor*, 187 N.C.

App. 291, 294, 652 S.E.2d 741, 743 (2007) (informing the defendant of the maximum

imprisonment but failing to inform him of the maximum fine he could receive was

inadequate), and of the consequences of representing himself, *State v. Schumann*, 257

N.C. App. 866, 877, 810 S.E.2d 379, 387 (2018) (proper inquiry where the trial court "advised Defendant representing himself would involve jury selection, motions, presenting the evidence, knowing what evidence is admissible and [said] 'there's a reason we have folks go to law school for years and take exams to be licensed to do this.'"). Failing to advise a defendant of any of these requirements renders the subsequent waiver invalid. *See, e.g., State v. Sorrow*, 213 N.C. App. 571, 577, 713 S.E.2d 180, 184 (2011).

As with the expression of a desire to proceed pro se, "[g]iven the fundamental nature of the right to counsel, we ought not to indulge in the presumption that it has been waived by anything less than an express indication of such an intention." *McCrowre*, 312 N.C. at 480, 322 S.E.2d at 777 (citation omitted). "The record must show, or there must be an allegation in evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."[2] *State v. Bines*, 263 N.C. 48, 51, 138 S.E.2d 797, 800 (1964) (citation omitted). It necessarily follows that "[t]he fact that an accused waives his

---

[2] There are situations in which a defendant may lose the right to counsel through conduct. *State v. Blakeney*, 245 N.C. App. 452, 460-61, 782 S.E.2d 88, 93-94 (2016). "Although the loss of counsel due to defendant's own actions is often referred to as a waiver of the right to counsel, a better term to describe this situation is forfeiture." *State v. Montgomery*, 138 N.C. App. 521, 524-25, 530 S.E.2d 66, 69 (2000). Forfeiture of counsel plays no role in our deliberations here as it is "restricted to situations involving egregious conduct by a defendant[,]" *State v. Simpkins*, ___ N.C. ___, ___, ___ S.E.2d ___, ___, 2020 N.C. LEXIS 98 *9 (2020) (quoting *Blakeney*, 245 N.C. App. at 461, 782 S.E.2d at 94), which the State does not and could not allege.

right to assigned counsel does not mean that he waives all right to counsel."[3] *State v. Gordon*, 79 N.C. App. 623, 625, 339 S.E.2d 836, 837 (1986). And "neither the statutory responsibilities of standby counsel [] nor the actual participation of standby counsel . . . is a satisfactory substitute for the right to counsel in the absence of a knowing and voluntary waiver." *State v. Dunlap*, 318 N.C. 384, 389, 348 S.E.2d 801, 805 (1986).

"It is prejudicial error to allow a criminal defendant to proceed *pro se* at any critical stage of criminal proceedings without making the inquiry required by N.C. Gen. Stat. § 15A-1242[.]" *Frederick*, 222 N.C. App. at 584, 730 S.E.2d at 281. Critical stages are those proceedings where the presence of counsel is "necessary to assure a meaningful defen[s]e." *United States v. Wade*, 388 U.S. 218, 225, 87 S. Ct. 1926, 1931, 18 L. Ed. 2d 1149, 1156 (1967) (internal marks omitted).[4]

---

[3] In a 2015 opinion by the North Carolina Judicial Standards Commission examining whether a judge may require a defendant to proceed without the assistance of all counsel based upon only a waiver of appointed counsel, the Commission concluded,

> Except in situations where the defendant's actions amount to a forfeiture of the right to counsel, a judge may not require a criminal defendant entitled to counsel to proceed without the assistance of counsel based on a waiver of appointed counsel only. *It is the judge's responsibility to clarify the scope of any waiver*.

Formal Advisory Op. 2015-02 (N.C. Judicial Standards Commission) (emphasis added).

[4] Amplifying further on the contours of this concept, our Supreme Court has held that "[a] critical stage has been reached when constitutional rights can be waived, defenses lost, a plea taken[,] or other events occur that can affect the entire trial." *State v. Detter*, 298 N.C. 604, 620, 260 S.E.2d 567, 579 (1979). A probable cause hearing, *State v. Cobb*, 295 N.C. 1, 6, 243 S.E.2d 759, 762 (1978), pre-trial motion to suppress hearing, *Frederick*, 222 N.C. App. at 581, 730 S.E.2d at 279, sentencing proceeding, *State v. Davidson*, 77 N.C. App. 540, 544, 335 S.E.2d 518, 521 (1985), and probation

Even if a critical stage has not been reached, the State must demonstrate, beyond a reasonable doubt, that the failure to obtain a knowing, voluntary, and intelligent waiver was harmless. N.C. Gen. Stat. § 15A-1443 (2019) ("A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless."). This is a weighty burden for the State, as we have found harmless error only where the mistake could not "*in any way* contaminate[] the proceedings at the trial[.]" *State v. Cradle*, 281 N.C. 198, 205, 188 S.E.2d 296, 301 (1972) (emphasis added). When the State fails to carry its burden in this context, a new trial is the appropriate remedy. *See Colbert*, 311 N.C. at 286, 316 S.E.2d at 81; *see also State v. Williams*, 201 N.C. App. 728, 689 S.E.2d 601, 2010 N.C. App. LEXIS 22, at *10 (2010) (unpublished) ("As the State has failed to show that the trial court's error was harmless beyond a reasonable doubt, we must deem the error prejudicial and remand for a new trial."); *State v. Hopkins*, 250 N.C. App. 184, 791 S.E.2d 903, 2016 N.C. App. LEXIS 1042, at *9 (2016) (unpublished) (same).

Here, there are two instances in the record when the trial court advised Defendant of his right to counsel: 20 August 2018 and 12 March 2019. The parties

---

revocation hearing, *State v. Ramirez*, 220 N.C. App. 150, 154, 724 S.E.2d 172, 174 (2012), are examples of critical stages requiring "the guiding hand of counsel[,]" *Detter*, 298 N.C. at 625, 260 S.E.2d at 583, unless waived, *see, e.g.*, *Gordon*, 79 N.C. App. at 626, 339 S.E.2d at 838.

agree, as do we, that Judge Bridges conducted a thorough inquiry of Defendant regarding his right to counsel before trial on 12 March 2019, and that Defendant knowingly, voluntarily, and intelligently waived all counsel on that date. Where the parties disagree is whether the trial court permitted Defendant to proceed pro se in the absence of a clear indication that he intended to do so and the inquiry required by N.C. Gen. Stat. § 15A-1242 prior to that date. The record reflects that Defendant did not clearly waive the right to all counsel before March 2019. We hold that the trial court impermissibly allowed Defendant to proceed pro se without such a clear expression of intent and without conducting the proper inquiry prior to trial.

After Defendant was indicted on 9 April 2018, he began filing motions on his own behalf with the trial court from jail. These included two discovery requests, a subpoena request, the aforementioned motion to dismiss for lack of enacting clause and subject matter jurisdiction, and a motion for an audit trail—all filed from April to July 2018.

On 20 August 2018, Defendant's right to counsel was first addressed. Judge Carpenter informed Defendant of the nature of the charges against him and the range of permissible punishments. Then this exchange occurred:

> [THE COURT]: You have three options in regards to counsel or representation. You can hire your own lawyer, represent yourself or ask me to consider you for court appointed counsel.
>
> [DEFENDANT]: I can speak for myself.

[THE COURT]:  Do you want a lawyer to represent you?

[DEFENDANT]:  No.

[THE COURT]:  [Defendant], I need you to sign a waiver to counsel.  [Defendant], you're wanting to waive all rights to counsel?  Did I understand you correctly on that?  You're not just waiving court appointed counsel, you're waiving all counsel; is that correct?

[DEFENDANT]:  I'm not waiving any rights.  I'm simply waiving court appointed counsel.

[THE COURT]:  So you want to waive court appointed counsel?

[DEFENDANT]:  Yes.

[THE COURT]:  He's waiving court appointed counsel[.]

While Defendant first seems to categorically disavow legal representation, upon further questioning, Defendant narrows that disavowal to pertain only to court-appointed counsel.  Consistent with this, Defendant also executed a written waiver of court-appointed counsel.  In an exchange between the prosecutor and Judge Carpenter shortly after this colloquy, the prosecutor stated, "It's my understanding that . . . [Defendant] has requested to hire his own counsel."  Judge Carpenter corrected her, stating, "He did not do that.  He just waived court appointed counsel."  Accordingly, two of the options that the trial court laid out for Defendant remained: "hiring your own lawyer [or] represent[ing] yourself[.]"

Yet, subsequent to this colloquy the trial court operated as though Defendant had fully waived his right to counsel. Judge Carpenter appointed standby counsel for Defendant, which is permissible "[w]hen a defendant has elected to proceed without the assistance of counsel[.]" N.C. Gen. Stat. § 15A-1243 (2019). Then, during the October 2018 session, the trial court allowed Defendant to argue his motion to dismiss for lack of an enacting clause and subject matter jurisdiction without counsel and without any input from standby counsel.

For the following reasons, Defendant's proceeding pro se here was at odds with the requisite constitutional safeguards.

First, Defendant had to that point never expressed a clear and unequivocal desire to proceed without counsel. Waiving "court-appointed counsel do[es] not amount to [an] expression[] of an intention to represent oneself." *McCrowre*, 312 N.C. at 480, 322 S.E.2d at 777 (citation omitted). In stark contrast to instances where we have found a defendant clearly wished to represent himself, *see, e.g.*, *Whitfield*, 170 N.C. App. at 621, 613 S.E.2d at 291 (The trial court: "Of those three choices, which choice do you make?"; The defendant: "Represent myself."), the 20 August 2018 colloquy left open the possibility of Defendant's retaining counsel. And, while seemingly signaling its understanding that Defendant was proceeding pro se, the trial court's appointment of standby counsel does not mean *Defendant* had clearly

and unequivocally expressed such a desire. *See Dunlap*, 318 N.C. at 389, 348 S.E.2d at 805.

Relatedly, these facts do not speak to a knowing, voluntary, and intelligent waiver. While properly advising Defendant of the charges against him, the range of permissible punishments, and his right to counsel, the trial court did not ensure that Defendant understood and appreciated the consequences of proceeding pro se. *See* N.C. Gen. Stat. § 15A-1242(3) (2019). The most concrete means of understanding the deficiencies in Judge Carpenter's colloquy is to compare it with that of Judge Bridges many months later. Not only did Judge Bridges elicit a clear statement from Defendant that he wished to proceed pro se but also he reviewed and ensured that Defendant appreciated the consequences of doing so. *See Bines*, 263 N.C. at 51, 138 S.E.2d at 800 ("Anything less is not waiver.").

We do not gainsay the challenges trial courts face in ensuring compliance with constitutional and statutory rights as they pertain to the right to counsel. But these rights are fundamental, and "[t]his case is a good example of the confusion that can occur when the record lacks a clear indication that a defendant wishes to proceed without representation." *Pena*, 257 N.C. App. at 204, 809 S.E.2d at 6.

As the trial court impermissibly allowed Defendant to proceed pro se without such a clear expression of intent and without conducting the proper inquiry prior to trial, the question then becomes whether the State has proven that the resulting

deprivation of Defendant's Sixth Amendment right to counsel was harmless beyond a reasonable doubt. We hold that the State has not met this heavy burden.

Assuming without deciding that there was no "critical stage" in the litigation prior to the appropriate waiver being obtained in March 2019, the State has not even attempted to argue that the deprivation of counsel was harmless here. "Because the State does not make the required [harmless beyond a reasonable doubt] argument, it has failed in its burden." *State v. Taylor*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, 2020 N.C. App. LEXIS 213, at *137 (2019); *see also Williams*, 2010 N.C. App. LEXIS 22, at *10 ("[T]he burden is on the State to demonstrate that any error was harmless beyond a reasonable doubt, [] and it is not proper for this Court to carry that burden for the State.").

And it is hard to see how they could make a plausible argument in these circumstances. Defendant was not without counsel for some mere "housekeeping" matter, *see Veney*, 259 N.C. App. at 924, 823 S.E.2d at 120 (Dietz, J., concurring); during the time period at issue, there was a hearing on the court's jurisdiction, the possibility of plea negotiations, discovery concerns, and evidentiary issues relating to the preservation of video surveillance, not to mention issues regarding whether Defendant fully understood how the case was progressing as he was proceeding pro se while incarcerated. While Judge Bridges appropriately recognized that Defendant intended to represent himself at trial and accordingly obtained a full waiver of

counsel, Defendant had, by that point, been deprived of his right to counsel for the year-long pre-trial period. "We have no way of knowing what counsel for defendant may have found through discovery or if his counsel could have raised valid objections to any of the" State's evidence. *Hopkins*, 2016 N.C. App. LEXIS 1042, at *9. After all, "there's a reason we have folks go to law school for years and take exams to be licensed to do this." *Schumann*, 257 N.C. App. at 877, 810 S.E.2d at 387. Even assuming we were to believe that the State's evidence was "quite convincing, we cannot find that the denial of defendant's right to counsel was harmless beyond a reasonable doubt." *Hopkins*, 2016 N.C. App. LEXIS 1042, at *9.[5]

## IV. Conclusion

At some point between April and October 2018, Defendant began functioning as his own counsel. The trial court was aware of and, in fact, sanctioned Defendant's actions by assigning Mr. Scales as standby counsel and allowing Defendant to argue a motion without the assistance of counsel. However, Defendant never clearly

---

[5] Our Court arrived at the same result using the same reasoning in a circumstance bearing many similarities to the current controversy in the aforementioned *State v. Williams*. In that case, the trial court conducted an imperfect waiver inquiry on 17 August 2006. *Williams*, 2010 N.C. App. LEXIS 22, at *2. The defendant subsequently argued pre-trial motions pro se on 20 September 2006. *Id.* This was "the only substantive hearing" where the defendant argued pro se before a proper waiver was obtained. *Id.* at *4. On 3 April 2007, the trial court conducted a thorough colloquy, and the defendant knowingly, voluntarily, and intelligently waived the right to counsel. *Id.* at *2. The trial began 4 June 2007. *Id.* Despite granting it was "likely that nothing harmful to Defendant's case transpired during that [20 September 2006] hearing," our Court held that the State had not proven the error harmless beyond a reasonable doubt and ordered a new trial. *Id.* at *4. The distinctions between *Williams* and the current controversy, namely the larger amount of time Defendant was denied counsel and the commensurate greater potential consequences thereof, only make it more difficult to prove harmless error.

expressed his desire to proceed pro se, and the trial court failed to obtain a proper waiver of all counsel before allowing him to do so. This resulted in a violation of Defendant's Sixth Amendment right to counsel until trial on 12 March 2019, and the violation was not harmless beyond a reasonable doubt.

Defendant is therefore entitled to a new trial.

NEW TRIAL.

Judge COLLINS concurs.

Judge DILLON dissents by separate opinion.

DILLON, Judge, dissenting.


I. Summary

Defendant was convicted by a jury of crimes for breaking into and stealing cigarettes from a retail kiosk. Judgment was entered accordingly. The trial court also entered a civil judgment against Defendant for the cost of appointed stand-by counsel, as Defendant proceeded *pro se*.

Defendant makes three arguments on appeal.

He argues that the trial court erred by imposing the civil judgment against him without giving him an opportunity to be here. (The majority does not reach this issue.) I agree and would remand for a new hearing on the civil judgment.

He makes a single argument that the criminal trial *itself* was tainted, contending that the trial court committed plain error by allowing certain evidence in, namely video of him committing the crimes. (The majority does not reach this issue.) I disagree that the trial court committed plain error in this regard. He makes no other argument concerning the trial itself.

Rather, he argues that he is entitled to a new trial, even if no reversible error occurred at the trial itself, because he was allowed to proceed *pro se* during much of the pre-trial stages before being properly advised of his right to counsel. Indeed, Defendant represented himself during *all* stages of this proceeding, both pre-trial and trial, and Defendant was not properly advised of his right to counsel until just before the trial was scheduled to begin. There is no dispute, however, that Defendant's

constitutional right to counsel was not violated at any point *during the trial itself*, as he knowingly waived his right to counsel before any critical stage of the trial occurred.

I agree that the delay in obtaining a valid waiver of counsel during critical, pre-trial stages was both a constitutional (Sixth Amendment) violation and a violation of a statutory mandate (pursuant to N.C. Gen. Stat. § 15A-1242 (2018)). However, generally such pre-trial violations do not warrant a new trial where the defendant is otherwise afforded a fair trial such that the pre-trial violations do not taint the trial itself.

Regarding the constitutional violation, the majority holds that Defendant is entitled to a new trial because the State failed to meet its burden of showing how any pre-trial, constitutional error was harmless beyond a reasonable doubt. I disagree. I conclude that Defendant failed to meet his initial burden of preserving any constitutional errors for our review. Indeed, the initial burden is on the defendant to preserve constitutional errors for our appellate review. Only regarding those properly preserved constitutional errors does the burden shift to the State to show that the errors were harmless beyond a reasonable doubt.

To the extent that the delay in obtaining a proper waiver was a violation of a *statutory mandate*, I recognize that said violation is automatically preserved. For such errors, the burden is not on the State to show that they were harmless, but is on

Defendant to show how he was prejudiced thereby. And, here, Defendant has failed to show how he was prejudiced at trial by any pre-trial violation of a statutory mandate. The evidence at trial was overwhelming against him, none of which was tainted by the pre-trial violation.

To illustrate my point, consider the situation of a defendant involved in a post-indictment line-up in the presence of an identifying witness. Such line-up is, indeed, a "critical stage," where a defendant has the right to have counsel present. *Gilbert v. California*, 388 U.S. 263, 272, 18 L.Ed.2d 1178, 1185 (1967). Our Supreme Court, though, has instructed that the remedy for a Sixth Amendment violation occurring at this stage is not a new trial, but rather the suppression of the testimony of the identifying witness. *State v. Hunt*, 339 N.C. 622, 646-47, 457 S.E.2d 276, 290 (1994). But our Supreme Court has held that if the "defendant's constitutional right of assistance of counsel at the lineup was violated, [the] defendant *waive[s] that error* by failing to object when the witness later identifie[s] him before the jury as the man he had picked out of the lineup." *State. v. Hunt*, 324 N.C. 343, 355, 378 S.E.2d 754, 761 (1989) (emphasis added). In other words, our Supreme Court held that a defendant does not even have the right to appellate review of a constitutional error where the error is not preserved, without any consideration as to whether or not the error may have been harmless.

- 3 -

Accordingly, my vote is that Defendant received a fair trial, free from reversible error, but that the civil judgment should be vacated and the matter be remanded for a new hearing on the civil judgment.

## II. Background

In March 2018, Defendant was charged with various crimes associated with a break-in of a retail kiosk.

Five months later, on 20 August 2018, well before trial, Defendant appeared in court where he waived his right to *appointed counsel*, though he did not expressly waive his right to counsel generally. The court engaged in a colloquy in which Defendant was informed of his right to counsel, the charges against him, and the possible punishments; however, Defendant was not advised of the consequences of continuing *pro se* at that hearing or in the future. At some point, though, the trial court did appoint stand-by counsel for Defendant.

In March 2019, the matter was called for trial. The presiding judge engaged in the required colloquy with Defendant concerning Defendant's desire to waive his right to counsel generally, including the consequences of proceeding *pro se*, because he was concerned about the sufficiency of Defendant's waiver seven months earlier. Defendant formally waived counsel and elected to proceed *pro se*. He did not seek any continuance, indicating that he was ready to proceed with the trial.

During the trial, the State presented overwhelming evidence of Defendant's guilt. On appeal, Defendant does not point to any objection he made concerning any of the State's trial evidence. He made no argument during the trial, nor does his appellate counsel make any argument on appeal, that any of the State's evidence was tainted by any pre-trial, Sixth Amendment error. The State's evidence offered at trial included a copy of the surveillance video and of photos depicting Defendant committing the break-in. This evidence also consisted of Defendant's unsolicited admission to the break-in, a statement he made as he was being served the arrest warrant, in which he stated, "Well, the good news is this is the last thing you can pin on me because this is the only other thing I did last night." Defendant makes no argument on appeal concerning the admission of this statement.

Defendant was convicted by the jury for the break-in. The trial court entered judgment accordingly. The trial court also entered a civil judgment against Defendant for the cost associated with his appointed stand-by counsel.

There is nothing in the record, nor does Defendant's appellate counsel point to anything specifically, where Defendant's trial itself was affected by him appearing *pro se* during the pre-trial critical stages. Specifically, there is nothing in the record indicating, nor does Defendant's appellate counsel make any argument, that the State obtained any evidence that might not have been obtained had Defendant been

represented during all critical stages. There is nothing in the record indicating, nor does Defendant's appellate counsel make any argument, that Defendant irretrievably lost, during a pre-trial phase, the right to assert any particular defense at trial.

## III. Analysis

A defendant has a constitutional right to counsel under the Sixth Amendment at every "critical stage" of the proceedings, *which includes many pre-trial proceedings*, as recognized by the United States Supreme Court:

> This Court has held that a person accused of a crime "requires the guiding hand of counsel at every step in the proceedings against him," . . . and that the constitutional principle is not limited to the presence of counsel at trial.
>
> "It is central to that principle that in addition to the counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial."

*Coleman v, Alabama*, 399 U.S. 1, 7, 26 L.Ed.2d 387, 395 (1970) (citations omitted). *See State v. Detter*, 298 N.C. 604, 620, 260 S.E.2d 567, 579 (1979) (recognizing this right). Accordingly, it is considered a constitutional error for a trial court to allow a defendant to proceed *pro se* at any critical stage, whether trial or pre-trial, unless the defendant has knowingly waived his right to be represented by counsel.

However, our Supreme Court has repeatedly held that a defendant may not raise a constitutional error for the first time on appeal, where "the trial court was denied the opportunity to consider and, if necessary, to correct the error [as it is] well settled that constitutional matters that are not raised and passed upon at trial will not be reviewed for the first time on appeal." *State v. Garcia*, 358 N.C. 382, 410, 597 S.E.2d 724, 745 (2004) (internal quotation marks omitted) (citation omitted). This rule applies to constitutional issues arising under the Sixth Amendment. *See State v. Valentine*, 357 N.C. 512, 525, 857, 591 S.E.2d 846, 857 (2003) (holding that defendant waived Sixth Amendment issue by failing to raise the issue at trial); *see also State v. Hunt*, 324 N.C. at 355, 378 S.E.2d at 761 (1989) (holding that "[a]ssuming arguendo that defendant's constitutional right of assistance of counsel at the lineup was violated, defendant waived that error by failing to object when the witness later identified him before the jury as the man he had picked out of the lineup").

And this rule applies to Sixth Amendment issues occurring during critical, pre-trial proceedings. *See id.* at 355, 378 S.E.2d at 761 (1989) (defendant waived Sixth Amendment "right to counsel" argument for error occurring during a post-indictment lineup); *see also State v. Gibbs*, 335 N.C. 1, 42, 436 S.E.2d 321, 344 (waived Sixth Amendment "right to counsel" argument for error occurring during interrogation by law enforcement).

- 7 -

Here, Defendant's appellate counsel does not point to anything that occurred at trial that was tainted by a pre-trial, constitutional error, whether preserved or unpreserved. Rather, his counsel only speculates that the pre-trial error of allowing Defendant to proceed *pro se* before being properly advised cost Defendant opportunities to "develop[] evidence, negotiate[] a plea, or fil[e] significant pretrial motions." However, this argument ignores the fact that *after* Defendant was properly advised of his rights before the trial started, he had the opportunity to bring to the trial court's attention that he needed a continuance to allow time to develop evidence, to negotiate a plea deal, or to file pretrial motions and that his trial would otherwise not be fair if he was not granted this opportunity. In other words, Defendant, after being properly advised, did not bring to the trial court's attention how any pre-trial error might infect the trial itself and, otherwise, did not give the trial court the opportunity to correct such error. For example, once properly advised, he had the opportunity to ask the trial court for a continuance, to allow him more time, if he thought there was a real problem. He did not do so; therefore, he cannot now complain and get a new trial.

And as Defendant refused counsel and decided to proceed *pro se* even after being properly advised of the risks of doing so, he assumed the risk. Thus, we must analyze this appeal in the same way we would had he invoked his right to counsel

and been fully represented once being properly advised. A trial attorney has the obligation to point out constitutional errors to the trial court to preserve the issue for appellate review. In the same way, a defendant proceeding *pro se*, after being properly advised, has the same obligation.

In conclusion, Defendant has failed to preserve any constitutional errors associated with Sixth Amendment violations which occurred pre-trial for appellate review.[6]

I agree, though, that a violation of a statutory mandate, is generally preserved, even without an objection being lodged at trial. *State v. Ashe*, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (stating that "[W]hen a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved notwithstanding defendant's failure to object at trial"). However, where

---

[6] Had Defendant preserved an argument for review, I am convinced from the record that any error was harmless beyond a reasonable doubt, based on the overwhelming evidence against Defendant and the lack of anything in the record tending to show that the trial was tainted by the pre-trial error. But I am cognizant of case law from our Court which holds that the State's failure to make any "harmless error" argument waives our consideration of harmless error, notwithstanding that the record itself may demonstrate that any error was, indeed, harmless. *See State v. Taylor*, 2020 N.C. App. LEXIS 213, 137 (2020). *See also In re L.I.*, 205 N.C. App. 155, 162, 695 S.E.2d 793, 799 (2010) (holding the same as *Taylor*). An argument could be made, though, that waiver does not apply: the State is the appellee and has no duty to file a brief, and the State's burden is met simply if the record shows that the error was harmless, notwithstanding that the State failed to make any argument in a brief that the error was harmless. Our Supreme Court had the opportunity to take up the issue as to whether the State, as appellee, can waive "harmless error" review by failing to make an argument, but declined to do so. *See State v. Miller*, 371 N.C. 273, 280, 814 S.E.2d 93, 98 (2018) (recognizing the issue, but, as stated in footnote 5, declining to decide the issue).

there is a violation of a statutory mandate, the burden is on the defendant to show prejudice. And to the extent that the delay in properly advising Defendant of his right to counsel in this proceeding constitutes a violation of a statutory mandate, Defendant has failed to show how he was prejudiced at trial by this violation. It is important to note that the statutory mandate was not violated during the trial itself, as Defendant was properly advised under N.C. Gen Stat. § 15A-1242 before the trial began. Further, the evidence against Defendant at trial was overwhelming, evidence which included a video of him committing the break-in and his admission to the break-in. Defendant makes no argument on appeal that any evidence was tainted by the delay in properly advising Defendant of his right to counsel. Finally, any conclusion that the violation of the statutory mandate is prejudicial *per se* would lead to absurd results. That is, if it was considered prejudicial *per se* in every case that a defendant is allowed to proceed unrepresented during some initial, pre-trial stage, then it would be impossible to successful prosecute such defendant – no matter how fair the trial was and no matter that all tainted evidence may have been suppressed – as any conviction would have to be reversed.

Turning to Defendant's other arguments not reached by the majority, Defendant contends that certain photos and a copy of the surveillance video showing him breaking into the kiosk should not have been admitted at trial. He did not object

to the admission of this evidence at trial, after he had been properly advised of the consequences of not being represented by counsel. I believe the evidence was admissible for the reasons stated in the State's brief, But even assuming that the evidence was inadmissible, I do not believe that the trial court committed error by not intervening *ex mero motu* when the evidence was introduced or that the admission of said evidence constituted plain error.

Regarding the civil judgment, Defendant contends that he was deprived of his right to be heard before the trial court entered the civil judgment against him for the fees of the appointed stand-by counsel. The State essentially concedes this error, and I agree. I would vacate that civil judgment and remand the matter for the limited purpose of holding a hearing on this civil issue.